out of the way, and was injured. Under the circumstances of the case, her negligence was a question for the jury. It appears that she was mindful of her safety, for she looked as soon as she cleared the line of pillars, which was as soon as looking would have availed anything. The record presents no question for our consideration involving the matter of the defendant's negligence. The situation does not disclose her failure to exercise ordinary caution, and with the jury's determination that she exercised the degree of caution which an ordinarily prudent person would have shown under the same or similar circumstances we should not interfere, on the ground that the record is barren of evidence to sustain that finding of fact.

The defendant refers to Reed v. Metropolitan Street R. Co., 180 N. Y. 315, 73 N. E. 41, as an authority to sustain its position. In our view this case is not decisive of the question here presented. There the plaintiff passed behind a street car standing at a street corner, and in attempting to cross the adjacent parallel track was struck by a car approaching from the opposite direction. There the plaintiff testified:

"When I got there, I did not look north and see if anything was coming down on that southbound track."

The difference between the cases lies in this: That, whereas, Reed never looked, or tried to look, or attempted by the use of his sense of sight to ascertain if it was safe to cross, the plaintiff in the case at bar looked as she stepped, and as soon as she could see, presumably supposing she could avoid impending danger, even though she did not become acquainted with its presence until she was stepping off the sidewalk. She erred in judgment; but the error does not establish the absence of ordinary care as matter of law.

The judgment and order should be affirmed, with costs. All concur.

---

WILCOX v. PEREZ et al.

(Supreme Court, Appellate Division, Second Department. November 28, 1906.)

COURTS—JURISDICTION OF MUNICIPAL COURTS—ACTION FOR DEFICIENCY.

 An action for a deficiency on a chattel mortgage, after foreclosure and sale, is not an action on the mortgage, jurisdiction of which is denied the Municipal Court by Laws 1902, p. 1533, c. 580, § 139; the liability arising as matter of law out of the foreclosure, and not out of the provision of the mortgage that the mortgagor shall be liable for the deficiency.

Appeal from Municipal Court of New York.

Action by William R. Wilcox, as trustee of the Elm Brewing Company, against Elenterio Perez and another. From a judgment refusing to dismiss the complaint for lack of jurisdiction, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Watson B. Robinson, for appellants.

GAYNOR, J. This is not an action on the chattel mortgage, but for a deficiency thereon after foreclosure and sale. Therefore sec-

tion 139 of the Municipal Court act (Laws 1902, p. 1533, c. 580), that no action shall be brought in that court on a chattel mortgage "made to secure the purchase price of chattels," does not apply. It is true that there is the usual provision in the mortgage that the mortgagor shall be liable for such deficiency, but that is not what makes him liable; he would be liable if there were no such provision; his liability arises as matter of law out of the foreclosure, and that is the foundation of this action. The reason of the statute does not apply.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.