CONSUMERS' BREWING CO. OF BROOKLYN, L. I., v. BRAUN.

(Supreme Court, Appellate Division, Second Department. November 28, 1911.)

1. CHATTEL MORTGAGES (§ 249*)—ENFORCEMENT BY FORECLOSURE.

A chattel mortgagee in a mortgage given to secure a note may enforce the debt by foreclosure, though the mortgage does not contain a covenant to pay, and must be deemed as collateral to the note.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 515–519; Dec. Dig. § 249.*]

2. CHATTEL MORTGAGES (§ 287*)—FORECLOSURE—SUIT FOR DEFICIENCY.

A chattel mortgage, on condition that, if the mortgagor shall pay to the mortgagee the amount of a note of even date, the mortgage shall be void, acknowledges a debt of the specified sum, and the mortgagee, selling the chattels pursuant to the mortgage, may sue for a deficiency.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 570; Dec. Dig. § 287.*]

Appeal from Municipal Court, Borough of Queens, Third District.

Action by the Consumers' Brewing Company of Brooklyn, Long Island, against Alois Braun. From a judgment of the Municipal Court, dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and CARR, JJ.

William J. Courtney, for appellant.
John B. Merrill and W. J. Creamer, for respondent.

JENKS, P. J. We gather from the oral pleadings, which are laconic and abbreviated, that the plaintiff sues for the deficiency after the sale pursuant to a chattel mortgage executed by the defendant, and that the defendant answered by general denial and a counterclaim for the value of the chattels over and above the amount of the mortgage. The mortgage was upon the express condition that if the mortgagor should pay unto the mortgagee $800, "being the amount of a certain promissory note, bearing even date herewith, executed" by the said mortgagor and "payable on demand to the order" of the mortgagee, then the mortgage should be void. The plaintiff produced the said note and read it in evidence. The learned Municipal Court held that the action should have been brought upon the note, and for that reason dismissed the plaintiff at the close of the case, without prejudice.

[1, 2] The plaintiff could enforce the debt secured by the mortgage and the note by foreclosure of the mortgage, even if the mortgage did not contain a covenant to pay, and must be regarded as collateral to the note. Pratt v. Huggins, 29 Barb. 277, approved in Hulbert v.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59. If the mortgage expressly acknowledges an existing debt, then the personal liability of the mortgagor is implied from the execution of the mortgage. Culver v. Sisson, 3 N. Y. 264; Thomas on Chattel Mortgages, 147. I think that there is in this mortgage such an acknowledgment of a debt of $800 (see Elder v. Rouse, 15 Wend. 218), and therefore that a suit for deficiency would lie (Case v. Boughton, 11 Wend. 107; Thomas on Chattel Mortgages, supra).

I think, then, that the dismissal was error, and that without expression upon the merits we should reverse the judgment and order a new trial; costs to abide the event. All concur.