In the Matter of the Application of the People of the State of New York, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the BOND AND MORTGAGE GUARANTEE COMPANY. In the Matter of a Plan of Readjustment of the Rights of the Holders of Investments in a Mortgage Covering Premises 405 BROADWAY, CITY OF LONG BEACH, Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY. (Guarantee No. 180,531.) ROSA B. HIRSH, Appellant; MANUFACTURERS TRUST COMPANY, as Trustee, et al., Respondents.— Appeal by claimant from an order, entered in reorganization proceedings on a final accounting by a trustee of a certificated mortgage, insofar as it rejected her claim for an alleged deficiency under a chattel mortgage. Order, insofar as appealed from, affirmed, with $10 costs and disbursements to respondent Manufacturers Trust Company. The pertinent statutes do not require a trial of such a claim in such a proceeding. The rejection of the claim for the alleged deficiency under the chattel mortgage relegated the claimant to an action to enforce the alleged deficiency. In such an action the mortgagor would be afforded an opportunity to contest the claim in whole or part (*Consumers Brewing Co.* v. *Braun,* 147 App. Div. 171; *Willcox* v. *Perez,* 115 App. Div. 693; *Hyer* v. *Sutton,* 59 Hun 40; *Harrison* v. *Hall,* 239 N. Y. 51, 53; 2 Jones, Chattel Mortgages and Conditional Sales, § 711; *Cottone* v. *Spivach,* 159 N. Y. S. 241 [not officially published]; *Case* v. *Boughton,* 11 Wend. 106), where the alleged sale, upon which the alleged deficiency is based, was not made in the course of an action to foreclose the mortgage. Here the alleged sale was made pursuant to the terms of the chattel mortgage. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

VILLAGE OF MAMARONECK, Respondent, v. ALBERT MILLER, Appellant.— In an action in rem to foreclose tax liens under title 3 of article VII-A of the Tax Law, order of the County Court, Westchester County, striking out answer as sham and frivolous and decreeing the same to be a nullity, and judgment therein entered dispensing with sale and directing conveyance, unanimously affirmed, with $10 costs and disbursements. The pleading so struck out contained no denial of any allegation of the list of delinquent taxes and raised no issue thereon. It did not allege that the taxes had been paid or that the property was not subject to tax, nor did it allege any jurisdictional defect or invalidity in the tax or in the sale. A bare allegation of ownership and demand for severance does not constitute an answer within the purview of the act. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

JOHN A. JOHNSON CONTRACTING CORP., Appellant, v. HAROLD N. GOLINVAUX et al., Copartners Doing Business under the Name of THOMAS MOULDING FLOOR COMPANY, Respondents.— Action to recover damages for breach of contract. Judgment for defendants unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.