■ CITY OF NEW YORK, Respondent, v. CHAPMAN DOCKS COMPANY, Appellant.— Action in rem, under title D of chapter 17 of the Administrative Code of the City of New York, to foreclose tax liens on real property. An answer was duly filed and served by appellant, which alleges three separate defenses challenging the constitutionality of the code provisions and setting forth that appellant is the owner of the property and that the amount of the tax liens is but a small fraction of its value. The city moved for summary judgment, judgment on the pleadings, and for such other, further and different relief as the court might deem equitable and proper. An order was made granting the motion and striking out the answer. The opinion on the motion held that inasmuch as the answer was insufficient appellant was in the status of a defendant who had defaulted in answering. No judgment was entered on the order, but a separate motion was made by the city to enter judgment awarding possession and absolute ownership of the real property to the city, as is permitted by paragraph d of section D17–12.0 of the code in respect of properties as to which no answer is interposed. The motion was granted and judgment was entered accordingly. The appeals are from the order and the judgment. Order and judgment reversed and the matter remitted to the Special Term to take proof as to appellant's ownership of the property and the amount of its interest therein. The code provides that where parties interested in the property default in answering, the judgment in the action must direct that an absolute deed be given to the city (§ D17–12.0), but if a party serves and files a verified answer, setting forth the nature and amount of his interest in the property (§ D17–6.0), the court should inquire whether the case is a proper one for directing a sale so that surplus moneys may be available to the answering party (§ D17–12.0). If the property of the answering owner has a value substantially exceeding the amount of the tax liens, a proper case for a sale is made out. Appellant's answer fails to set forth any defense sufficient in law to defeat the demand for foreclosure. The answer is inartistically drawn inasmuch as it does not separate the allegations of ownership and interest from the allegations constituting the three defenses which are insufficient, nor does it state the amount of the interest in precise detail. Nevertheless, it calls attention to appellant's interest and, as supplemented by appellant's affidavit, it is sufficiently detailed to raise an issue as to whether or not this is a proper case for a sale. If the proof establishes the assertions that appellant is the owner of the property and that the value of the property is substantially greater than the amount of the city's lien, the order on the original motion should direct that the motion is granted to the extent of striking out all allegations in the answer except those which set forth the nature and amount of appellant's interest in the property and that as to those allegations the motion is denied. The order should further provide that the city is entitled to judgment of foreclosure. that the property be sold at public auction by the city treasurer under the requirements of section 986 of the Civil Practice Act, that the proceeds of sale be held by the city treasurer to await the further order of the

court, and that judgment may be entered on the order. At Special Term, the decision in *Village of Mamaroneck* v. *Miller* (273 App. Div. 777) was relied upon for a holding that an insufficient answer is no answer and is tantamount to a default. The same case is cited on this appeal by the city, although not claimed to be determinative of this case. In the *Mamaroneck* case, the answer was held to have set forth a bare allegation of ownership and a demand for severance. No issue was raised as to the propriety of a sale. There are several other distinctions in the *Mamaroneck* case: There was no claim that the property was of a value greater than the amount of the tax liens, and the defendant owner was not seeking a sale; the answer sought an injunction against proceeding with the foreclosure and an extension of the time for redemption, relief which the court is not empowered to grant; the defenses were held insufficient to defeat foreclosure, and there was no occasion for considering the sufficiency of the answer to point out to the court the need for considering the propriety of a sale; the answer was held not to satisfy the statutory requirement on an owner seeking a sale, namely, the setting forth of the nature and amount of his interest in the property. In the present case, it appears in the answer and in the affidavit, which can be read on the motion, that the property is assessed for $683,500 and that the amount of the liens is $132,127.77. The code does not provide that the nature and amount of the owner's interest must constitute a defense to foreclosure, merely that such matter be set forth. The code recognizes the difference between a judgment of foreclosure and a judgment of foreclosure and sale. If it be intended that an owner who has answered and whose property has a value substantially exceeding the amount of the tax liens is to be deprived of an equitable right to surplus moneys, the statute must so state or so indicate clearly. Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to affirm, with the following memorandum: If this were a matter of first impression in this court, I would concur. I am constrained to dissent, however, by reason of our determination in *Village of Mamaroneck* v. *Miller* (273 App. Div. 777), which, in my opinion, is not distinguishable in principle from the instant case. [See *post,* p. 972.]