In the Matter of CITY OF BINGHAMTON, Appellant, to Foreclose Tax Liens. DOUGLAS RITTER, Respondent.

Third Department, May 21, 1987

## APPEARANCES OF COUNSEL

*Kenneth Auerbach (Robert G. Behnke* of counsel), for appellant.

*Douglas H. Ritter,* respondent *pro se.*

### OPINION OF THE COURT

MAIN, J. P.

Respondent, the owner of two parcels of land within petitioner in Broome County, has since 1980 disputed the amount of certain tax bills sent to him by petitioner for the two parcels. His attempts to partially pay the bills were rejected by petitioner. In 1985, petitioner commenced an in rem lien foreclosure proceeding pursuant to Real Property Tax Law, article 11, title 3. Respondent's parcels were included in the proceeding. Pursuant to Real Property Tax Law § 1122 (6), respondent had two alternatives: either redeem the parcels by paying the amounts owed before the expiration of the specified redemption period or serve an answer setting forth the nature and amount of his interest and his defenses or objections to the foreclosure. Respondent chose the latter approach, serving a "partial" answer alleging that petitioner unjustly refused his offers of payment and that petitioner's penalty surcharge amounted to the imposition of a usurious interest rate. Ultimately, County Court rejected these contentions, but noted that petitioner had erred in its computation of the amount respondent owed. Respondent has never served a "final" answer.

At issue on this appeal is petitioner's third motion for summary judgment, the first motion having been denied as premature and the second motion having been denied on the merits. It is petitioner's position that, since respondent's defenses have been rejected and the time for redemption is past, petitioner is now entitled to own the two parcels in fee simple absolute. County Court rejected this position, finding that this interpretation of Real Property Tax Law § 1122 (6) would place a person who unsuccessfully answered the notice of foreclosure in the same position as a person who neither answered nor redeemed: both would lose all right, title and

interest in their property. Accordingly, County Court found that respondent's right of redemption survived the determination on the merits of his answer, that a judicial sale of respondent's parcels would not be desirable, and that respondent's time to redeem the parcels should be extended.[1]

In *Matter of Valente v Culver* (124 AD2d 950), the taxpayer neither attempted to redeem her property nor interposed an answer. As a result, "the county was entitled to a deed conveying an 'estate in fee simple absolute' and [the taxpayer] was statutorily 'barred and forever foreclosed' of her interest in the property" *(supra,* at 952, quoting Real Property Tax Law § 1136 [6]). The language of Real Property Tax Law § 1122 (6) is clear: when a taxpayer fails to redeem *or* answer, he is barred and forever foreclosed of his interest. In this case, however, we are concerned with a taxpayer who did interpose an answer, although an inartfully drawn answer. It follows from the language of Real Property Tax Law § 1122 (6) that, when a taxpayer does interpose an answer, he is not barred and forever foreclosed of his interest and the foreclosing entity does not obtain title in fee simple absolute. Therefore, we agree with County Court that petitioner is not at this stage entitled to a judgment granting it title to the parcels in fee simple absolute.

At the same time, however, we cannot agree with County Court's extension of respondent's redemption time. The right to redeem property exists only as permitted by statute, under such conditions as the statute may attach *(see, City of New Rochelle v Echo Bay Waterfront Corp.,* 268 App Div 182, *affd* 294 NY 678, *cert denied* 326 US 720; 16 Carmody-Wait 2d, NY Prac § 99:41, at 554). The time fixed for redemption or answer is in the nature of a Statute of Limitations, and a court is precluded from extending the time to redeem *(see, City of Peekskill v Perry,* 272 App Div 940; *see also, City of New York v Chapman Docks Co.,* 1 AD2d 895; *cf., Key Bank v County of Broome,* 116 AD2d 90, 92). Accordingly, County Court was without power to extend respondent's time to redeem the parcels; the time for redemption having expired, respondent is not now entitled to redeem the parcels.[2] Under these circum-

---

1. County Court noted that, should respondent fail to exercise his right of redemption, the court would proceed to decide petitioner's third motion for summary judgment.

2. We note that the New York City counterpart of Real Property Tax Law, article 11, title 3 does permit a party interposing an answer to pay,

stances, we believe that this matter should be remitted to County Court for a determination of respondent's interest in the parcel or parcels and that an appropriate sale be directed and surplus moneys, if any, be awarded to respondent (*see,* Real Property Tax Law § 1136 [2]).

CASEY, WEISS, MIKOLL and HARVEY, JJ., concur.

Order reversed, on the law, without costs, and matter remitted to the County Court of Broome County for further proceedings not inconsistent herewith.

without penalty, all taxes, assessments and other legal charges and interest owing on the parcel, prior to the final disposition of a motion to strike the answer (Administrative Code of City of New York § D17-9.0 [h]). In that instance, the right to redeem has been extended by statute. Since the statutes applicable to the present case do not extend the right to redeem, such redemption may not be permitted here.