JAMES F. NOTARO, JR., Appellant, v POWER AUTHORITY OF THE STATE OF NEW YORK, Respondent, et al., Defendants. [840 NYS2d 683]—

Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered June 28, 2006. The order granted the motion of defendant Power Authority of the State of New York for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover, inter alia, benefits under the Longshore and Harbor

Workers' Compensation Act ([LHWCA] 33 USC § 901 *et seq.*). Supreme Court properly granted the motion of the Power Authority of the State of New York (defendant) for summary judgment dismissing the complaint against it. We note at the outset that plaintiff's contention that the court erred in granting that part of defendant's motion with respect to the federal maritime tort cause of action is raised for the first time in plaintiff's reply brief and thus is not properly before this Court (*see Turner v Canale*, 15 AD3d 960, 961 [2005], *lv denied* 5 NY3d 702 [2005]; *Greene v Xerox Corp.*, 244 AD2d 877, 878 [1997], *lv denied* 91 NY2d 809 [1998]). We further note that plaintiff failed to address that part of defendant's motion with respect to the Jones Act cause of action and, indeed, plaintiff stated in his brief that he will not pursue that cause of action. Plaintiff therefore has abandoned any contention concerning that cause of action (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

With respect to the remaining cause of action, plaintiff contends that defendant is not a subdivision of the State of New York, thus rendering inapplicable the provision of the LHWCA that "[n]o compensation shall be payable in respect of the disability or death of an officer or employee of the United States, or any agency thereof, or of any State or foreign government, or any subdivision thereof" (33 USC § 903 [b]). We reject plaintiff's contention, inasmuch as the statute creating defendant defines it as "a body corporate and politic, a political subdivision of the state" (Public Authorities Law § 1002 [1]).

Contrary to plaintiff's further contention, defendant is not equitably estopped from denying coverage under the LHWCA under the circumstances of this case. Plaintiff invokes the doctrine of equitable estoppel to avoid the mandatory consequences of 33 USC § 903 (b), but that doctrine "cannot be invoked to relieve a party from the mandatory operation of a statute" (*Matter of Kiselgof v New York State Div. of Hous. & Community Renewal*, 22 AD3d 853, 854 [2005] [internal quotation marks omitted]; *see F.A.S.A. Constr. Corp. v Village of Monroe*, 14 AD3d 532, 534 [2005]). Furthermore, equitable estoppel generally "is not available against a governmental agency in the exercise of its governmental functions" (*Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30, 33 [1984]; *see F.A.S.A. Constr. Corp.*, 14 AD3d at 533). There is an exception to the rule under "unusual circumstance[s]" (*Matter of Grella v Hevesi*, 38 AD3d 113, 117 [2007]), "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detri-

ment or prejudice" (*Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *see Delaware County Dept. of Social Servs. v Pontonero*, 31 AD3d 999, 1001 [2006]). However, "erroneous advice by a government employee does not constitute the type of unusual circumstance[s] contemplated by the exception" (*Grella*, 38 AD3d at 117). Present—Hurlbutt, J.P., Gorski, Smith, Lunn and Pine, JJ.