In the Matter of AMSTERDAM NURSING HOME CORPORATION (1992) et al., Appellants, v RICHARD F. DAINES, as Commissioner of Health, et al., Respondents. [892 NYS2d 608]—

Cardona, P.J.

As is relevant to this appeal, petitioners are licensed residential health care facilities that are reimbursed with public funds at rates determined by the Department of Health (hereinafter DOH) for health care services provided to eligible residents. Following the implementation in 2006 of the Medicare Part D Prescription Drug Benefit Program, DOH notified petitioners that the adjusted Medicaid reimbursement rates would include an offset for the subsidy that the nursing home facilities would receive from the federal government for prescription drugs for Medicaid eligible residents.

Thereafter, petitioners filed administrative rate appeals with DOH challenging the offset amounts. After DOH rejected petitioners' challenges as not the proper subject of the administrative rate appeals process, petitioners commenced this CPLR article 78 proceeding in October 2007 challenging their adjusted Medicaid reimbursement rates for the period of January 1, 2006 through August 31, 2007, as well as DOH's rejection of their administrative rate appeals. Supreme Court granted respondents' motion to dismiss the petition—as amended—as time-barred in accordance with CPLR article 78 proceedings. This appeal ensued.

We are unpersuaded by petitioners' contention that Supreme Court erred in dismissing the amended petition as untimely. A review of the amended petition establishes that petitioners were challenging the methodology used by DOH in determining the

Medicaid reimbursement rates for prescription drugs, claiming that a "one size fits all" approach to the offset does not accurately measure the amount of reimbursement for prescriptions. Such challenge relates to the *method* used in calculating the rate, and not to any *computational* errors or errors in the submission of fiscal or statistical data. The latter would warrant a review pursuant to the administrative rate appeals process, while a challenge to the methodology is properly considered by way of CPLR article 78 review (*see Matter of St. Ann's Home for the Aged v Daines*, 67 AD3d 1326 [2009]; *Matter of Pinegrove Manor II, LLC v Daines*, 60 AD3d 767, 768 [2009]). Inasmuch as petitioners did not commence this CPLR article 78 proceeding within the applicable four-month statute of limitations period (*see* CPLR 217), Supreme Court properly dismissed the petition as time-barred.

Furthermore, we are unpersuaded by petitioners' alternate contention that respondents are equitably estopped from asserting a statute of limitations defense. Specifically, petitioners argue that it would be manifestly unjust to leave them without any remedy to challenge the Medicare Part D offset because they relied, to their detriment, on erroneous advice from an apparent high-ranking, rate-setting DOH official who stated that petitioners should file administrative rate appeals in order to protect their interests and it was more than a year before DOH rejected their challenge as an improper subject for the administrative rate appeals process. However, the doctrine of equitable estoppel generally is unavailable against a government agency in the exercise of its governmental function (*see Notaro v Power Auth. of State of N.Y.*, 41 AD3d 1318, 1319 [2007], *lv dismissed* 9 NY3d 935 [2007]; *Matter of Grella v Hevesi*, 38 AD3d 113, 117 [2007]). Moreover, " 'erroneous advice by a government employee does not constitute the type of unusual circumstance[s] contemplated by the exception' " to this general rule (*Notaro v Power Auth. of State of N.Y.*, 41 AD3d at 1320, quoting *Matter of Grella v Hevesi*, 38 AD3d at 117). Here, the conduct alleged by petitioners does not excuse the untimely commencement of a CPLR article 78 proceeding nor does it constitute the type of circumstances warranting application of the estoppel doctrine against the state (*see Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130-131 [1990]; *Notaro v Power Auth. of State of N.Y.*, 41 AD3d at 1319-1320).

Mercure, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.