■ In the Matter of the Foreclosure of Tax Liens by VILLAGE OF FLEISCHMANNS. VILLAGE OF FLEISCHMANNS, Appellant; DELAWARE NATIONAL BANK OF DELHI, Respondent. [909 NYS2d 564]—

Mercure, J.P. Appeal from an order of the County Court of Delaware County (Becker, J.), entered December 14, 2009, which, in a proceeding pursuant to RPTL article 11, among other things, granted respondent's motion to vacate a default judgment of foreclosure.

This tax foreclosure proceeding involves a theater that is located in the Village of Fleischmanns, Delaware County and owned by Brian Dowd and Richard Dowd. Respondent is the holder of a mortgage that covers the property and has a balance of over $60,000. In November 2007, petitioner executed and filed a list of real property parcels affected by delinquent tax liens pursuant to RPTL 1122 that included the subject property. Thereafter, petitioner commenced this proceeding by filing a petition and notice of foreclosure on the property, which was then the sole remaining parcel on the list. The petition provided that the property could be redeemed by payment of delinquent taxes by May 5, 2009. It is undisputed that petitioner published notice of the foreclosure proceeding and mailed copies of the petition to respondent, as required by RPTL 1124 and 1125, and that respondent received actual notice of this proceeding.

Respondent and the Dowds failed to pay the delinquent taxes during the redemption period or file an answer in this proceeding. In September 2009, petitioner moved for a default judgment with respect to the subject property. Upon separate motions by respondent and Brian Dowd to vacate the judgment of foreclosure or for leave to redeem the subject property by paying the delinquent taxes, County Court stayed execution of the judgment of foreclosure and sale.* Following hearings, County Court denied Dowd's motion, but found that foreclosure would work an undue hardship on respondent. Thus, the court exercised its equity jurisdiction to deny petitioner's motion for a default judgment, and directed petitioner to accept payment of $19,250.82 in unpaid taxes on the property within five days of the court's order. Petitioner appeals, and we now reverse.

In an RPTL article 11 foreclosure proceeding, an unpaid tax lien is presumptively valid, and the respondent bears the burden of establishing any affirmative defense, procedural defect or invalidity of the lien (see RPTL 1134; Kennedy v Mossafa, 100 NY2d 1, 8 [2003]; Matter of County of Orange [Al Turi Landfill,

* Although petitioner drafted a proposed judgment of foreclosure, the judgment evidently was never entered.

*Inc.],* 75 AD3d 224, 236 [2010]). Moreover, in moving to vacate a default in a tax foreclosure proceeding, the respondent is required to demonstrate both a reasonable excuse for the default and a meritorious defense (*see Matter of Clinton County [Miner],* 39 AD3d 1015, 1016 [2007]). Here, respondent asserted that it did not pay the overdue taxes pursuant to its normal practice because, prior to the May 5, 2009 redemption date, its mortgage processor telephoned petitioner and was informed that the taxes had been paid. Further, respondent argued that equitable principles mandated that it should be permitted to redeem the property because petitioner mailed Richard Dowd a letter after expiration of the redemption period that provided him with a further opportunity to redeem the property by paying all unpaid taxes by June 30, 2009. Petitioner disputed that it provided respondent with erroneous information regarding payment of the taxes on the property, but conceded that it did not provide respondent with a similar, additional opportunity to redeem the property by the end of June 2009.

Assuming without deciding that respondent's averments constituted a reasonable excuse for its default, we conclude that it has failed to establish a meritorious defense. Respondent's arguments essentially amount to an assertion of the defense of equitable estoppel. It is well settled, however, that "estoppel is not available against a governmental agency in the exercise of its governmental functions" (*Pless v Town of Royalton,* 81 NY2d 1047, 1049 [1993] [internal quotation marks and citations omitted]; *see Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 130 [1990]; *Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369-370 [1988]). Indeed, estoppel is "foreclosed in all but the rarest cases" (*Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d at 130 [internal quotation marks and citations omitted]), and we have repeatedly held that erroneous advice by a governmental employee will not give rise to an exception to the general rule (*see Matter of Amsterdam Nursing Home Corp. [1992] v Daines,* 68 AD3d 1591, 1592 [2009]; *Notaro v Power Auth. of State of N.Y.,* 41 AD3d 1318, 1320 [2007], *lv dismissed* 9 NY3d 935 [2007]; *Matter of Grella v Hevesi,* 38 AD3d 113, 117 [2007]; *Matter of Hession v New York State & Local Employees' Retirement Sys.,* 24 AD3d 1008, 1010 [2005]). In any event, respondent received the statutorily required notice pursuant to RPTL article 11 and conceded that it had actual notice of the foreclosure proceeding. In our view, "the doctrine [of] reasonable diligence" would bar application of estoppel here inasmuch as respondent could have discovered that the taxes had not been paid by either verifying the status of the tax liens with the Dowds or by requesting a

certificate of redemption pursuant to RPTL 1110 (3) (*Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *appeal dismissed and cert denied* 488 US 801 [1988]; *see Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d at 130; *see also Gorman v Town of Huntington*, 12 NY3d 275, 280 [2009]). Under these circumstances and in the absence of any allegations of fraud or affirmative misconduct by petitioner (*see Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d at 238; *Notaro v Power Auth. of State of N.Y.*, 41 AD3d at 1319-1320), we reverse.

We have considered the parties' remaining arguments— including respondent's assertion that RPTL 1125 (4) (b) precludes discretionary notices after formal foreclosure proceedings have commenced—and conclude that they are lacking in merit.

Malone Jr., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, respondent's motion to vacate default judgment denied and petitioner's motion for a default judgment granted.