■ STONE BRIDGE FARMS, INC., et al., Appellants, v COUNTY OF COLUMBIA et al., Respondents. In the Matter of the Foreclosure of Tax Liens by COUNTY OF COLUMBIA. COUNTY OF COLUMBIA, Respondent; STONE BRIDGE FARMS, INC., Appellant. [931 NYS2d 449]—

Peters, J.

Stone Bridge Farms, Inc.'s sole asset is a certain parcel of real property located in the Town of Greenport, Columbia County. Fred Mazzacano, the sole shareholder of Stone Bridge, died in 1991 and bequeathed equal shares of stock in Stone Bridge to plaintiff Gary Mazzacano (hereinafter Mazzacano) and his brother. Thereafter, Stone Bridge was dissolved by Proclamation/ Annulment of Authority by the Department of State. Due to Stone Bridge's failure to pay taxes on the property, the County of Columbia commenced a foreclosure proceeding in 2000. Subsequently, the County withdrew the subject property from the foreclosure proceeding pursuant to RPTL 1138 because it was concerned about possible liability for the remediation and clean up of an alleged environmental issue associated with the property.

Both prior to the commencement of the foreclosure proceeding and after its withdrawal, the County engaged in discussions with Mazzacano, who had been managing the property, regarding the creation of an installment payment plan that would allow Stone Bridge to pay its past-due taxes over time. Ultimately, defendant Kenneth Wilber, the treasurer and tax enforcement officer for the County, orally agreed to accept monthly payments of what Mazzacano could afford after he paid Stone Bridge's operating expenses. Between 2002 and 2009, the County accepted and sent Mazzacano receipts for Stone Bridge's monthly payments. During this same time period, the County engaged in discussions with Jan Exman, who was interested in obtaining the County's environmentally challenged properties with outstanding tax liens, remediating and cleaning up any such environmental issues and reselling the properties. In January 2006, the County entered into a contract with Exman with respect to Stone Bridge's property. Litigation ensued when the County failed to perform under the contract and, eventually, a settlement agreement was entered into between the County and Exman whereby the County agreed to recommence foreclosure

proceedings on the Stone Bridge property and convey the property to Exman.

In April 2009, Mazzacano and Stone Bridge (hereinafter collectively referred to as plaintiffs) commenced an action seeking a declaration that the installment payment plan was valid and barring foreclosure of the tax liens. Shortly thereafter, the County began rejecting the payments made by Mazzacano and reinstated the foreclosure proceeding against the property. After the action and foreclosure proceeding were combined for joint trial, the County moved for summary judgment declaring that it was entitled to foreclose upon the liens and granting it a judgment of foreclosure. Supreme Court granted the motion and plaintiffs now appeal.

Supreme Court did not err in granting the County a judgment of foreclosure. In support of its summary judgment motion, the County demonstrated that Stone Bridge failed to pay the full amount of taxes on the subject parcel for several years, that the property appeared on the list of delinquent taxes every year since 1996, and that it followed all proper procedures in reinstating the property to foreclosure pursuant to RPTL 1138 (4). The County also established that Stone Bridge had not entered into an installment payment plan that complies with RPTL 1184 or Local Law No. 3 (1995) of the County of Columbia.[1] Thus, the burden shifted to plaintiffs to raise a triable issue of fact regarding a viable defense to foreclosure (*see* CPLR 3212 [b]; *Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi]*, 77 AD3d 1146, 1147 [2010]; *Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d 224, 236 [2010]).

While acknowledging that the partial payments made to the County were not in compliance with RPTL 1184 or Local Law No. 3, plaintiffs allege that the County could validly enter into an alternative repayment plan outside of this statutory framework. We disagree. Because "a local municipality may not act in excess of the powers conferred upon it by the Legislature[,] efforts to carve out settlements of real property tax disputes in fashions not falling within the statutory framework are invalid" (*Matter of County of Sullivan v Town of Tusten*, 72 AD3d 1470,

---

1. RPTL 1184 authorizes counties to enact local legislation providing for the installment payment of eligible delinquent taxes and sets forth certain requirements for an acceptable payment plan. The County here enacted Local Law No. 3 authorizing such installment agreements which, consistent with the requirements of RPTL 1184 (3), provides that any such agreement must be for a term of 24 months, payments must be made quarterly in equal amounts and the initial payment must be 25% of the delinquent taxes owed.

1471 [2010] [internal quotation marks and citation omitted]; *see Rose v Eichhorst*, 42 NY2d 92, 95 [1977]; *Sawicki v County of Suffolk*, 4 AD3d 465, 466 [2004]; *People ex rel. Beard's Erie Basin, Inc. v Sexton*, 247 App Div 754, 754-755 [1936]). Thus, inasmuch as the oral installment agreement for the payment of delinquent taxes neither complied with the requirements of RPTL 1184 or Local Law No. 3, it is invalid and does not constitute a defense to foreclosure (*see Matter of County of Sullivan v Town of Tusten*, 72 AD3d at 1472).

Even if such an agreement were valid and enforceable, plaintiffs have failed to show that it would preclude foreclosure under these circumstances. To that end, plaintiffs failed to submit any competent proof that the installment payment plan allowed for reduced payments of current taxes, rather than just delinquent taxes. Indeed, the documentary evidence submitted by the parties referencing the oral payment plan plainly refers to delinquent taxes only, and it is undisputed that Stone Bridge has failed to pay its current taxes for each year since the agreement and that the property appeared on the County's list of delinquent taxes for each subsequent year. Thus, the failure to pay Stone Bridge's current taxes would provide an independent basis for foreclosure.

Plaintiffs also allege that the County should be equitably estopped from foreclosing on the tax lien, claiming that Mazzacano was improperly induced into making payments on Stone Bridge's tax obligations with the understanding that the County would not foreclose on the property. " 'The doctrine of estoppel will be applied against governmental agencies only in exceptional cases' in which there has been 'a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon' " (*Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d at 238, quoting *Yassin v Sarabu*, 284 AD2d 531 [2001], *lv dismissed* 98 NY2d 645 [2002]; *see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi]*, 77 AD3d at 1147; *Delaware County Dept. of Social Servs. v Pontonero*, 31 AD3d 999, 1001 [2006]). Here, plaintiffs have failed to show any misrepresentation or other misconduct on the part of the County or Wilber. As previously noted, the record is devoid of any evidence that the agreement between the parties was intended to reduce payments of current taxes that became due, or that the County or Wilber made any

such representation.[2] In any event, any reliance by Mazzacano on the actions or promises of the County to mean that he could indefinitely make partial payments of not only the delinquent taxes owed, but also the current tax obligations that became due, would not be reasonable or justified.

Nor did the County violate the implied covenant of good faith and fair dealing when it refused to continue to accept payments on Stone Bridge's tax obligations. The County entered into the agreement in an attempt to allow Stone Bridge to avoid foreclosure and continued to accept reduced payments for approximately seven years. Plaintiffs, however, were unable to pay the current taxes on the property, let alone the delinquent taxes, resulting in a tax obligation exceeding $700,000 at the time the foreclosure proceeding was reinstated. Under these circumstances, it was not improper for the County to terminate the informal agreement and proceed to foreclosure so that it could recover a fraction of the taxes due on the property.

Finally, we reject plaintiffs' contention that, given the particular circumstances of this case, Supreme Court should have extended Stone Bridge's time to redeem the property. The time fixed by statute to redeem is in the nature of a statute of limitations and may not be extended by the court (*see Matter of City of Binghamton [Ritter]*, 128 AD2d 266, 268 [1987]; *City of Peekskill v Perry*, 272 App Div 940, 940 [1947]; *see also* RPTL 1102 [4]; 1110 [2]). Plaintiffs' remaining contentions have been fully reviewed and found to be lacking in merit.

Mercure, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** For this same reason, the County's acceptance of the installment payments between 2002 and 2007 cannot constitute a ratification of the otherwise invalid oral agreement.