█ In the Matter of the Foreclosure of Tax Liens by COUNTY OF SULLIVAN. COUNTY OF SULLIVAN, Respondent; ALEKSANDER CORPORATION, Appellant. [957 NYS2d 497]—

Peters, P.J.

Necessary parties are those "who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (CPLR 1001 [a]). "In an RPTL article 11 foreclosure proceeding, an unpaid tax lien is presumptively valid, and the respondent bears the burden of establishing any affirmative defense, procedural defect or invalidity of the lien" (*Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi]*, 77 AD3d 1146, 1147 [2010] [citations omitted]; *see* RPTL

1134; *Kennedy v Mossafa*, 100 NY2d 1, 8 [2003]). While respondent may challenge the validity of the tax as a defense to foreclosure (*see* RPTL 1134), the only relief available to it in this proceeding is dismissal of the foreclosure petition as to the affected parcels (*see* RPTL 1130 [1]; 1136 [2]). The Town, the Assessor and the School District have no interest in the subject parcels and need not be parties for such relief to be granted, nor would they be adversely affected by a judgment either granting or dismissing the foreclosure petition. Accordingly, County Court properly denied the motion to add them as necessary parties to this proceeding.

Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.