■ In the Matter of Foreclosure of Tax Liens by DUTCHESS COUNTY, Respondent. PUTNAM COUNTY NATIONAL BANK OF CARMEL, Appellant. [966 NYS2d 878]—

In a proceeding pursuant to Real Property Tax Law article 11 to foreclose tax liens, Putnam County National Bank of Carmel appeals from a judgment of the Supreme Court, Dutchess County (Brands, J.), dated January 17, 2012, which, upon an order of the same court dated December 21, 2011, inter alia, granting the petitioner's motion, among other things, to strike its answer for lack of merit, inter alia, awarded possession of the subject property to the petitioner.

Ordered that the judgment is affirmed, with costs.

It is undisputed that Putnam County National Bank of Carmel (hereinafter PCNB) chose not to redeem the subject property prior to the expiration of the redemption period (*see* RPTL 1123 [6]; 1110). Rather, PCNB chose to interpose an answer in the tax foreclosure proceeding (*see* RPTL 1123 [6]). However, as the Supreme Court properly found, the assertions in PCNB's answer were without merit (*see* RPTL 1123 [7]; 1136 [2] [a]; *Stone Bridge Farms, Inc. v County of Columbia*, 88 AD3d 1209, 1213 [2011]; *First Natl. Bank of Downsville v Atkin*, 279 AD2d 779, 780-781 [2001]; *see also Maple Tree Homes, Inc. v County of Sullivan*, 17 AD3d 965, 966 [2005]). Contrary to PCNB's contentions, the tax lien had priority over the mortgage liens (*see* RPTL 1132; *McCarthy v Emma*, 304 NY 153, 157 [1952]; *see also* RPAPL 1354 [1], [2]).

PCNB's remaining contentions are without merit.

Accordingly, the Supreme Court properly awarded possession of the subject property to the petitioner. Rivera, J.P., Dickerson and Roman, JJ., concur.

Leventhal, J., concurs, with the following memorandum: I agree with the conclusion and rationale of the majority in affirming the judgment of the Supreme Court, Dutchess County, which, inter alia, awarded possession of the subject parcel of real property to Dutchess County, the petitioner in this in rem tax foreclosure proceeding pursuant to Real Property Tax Law article 11. I write separately, however, to note my concern with respect to an issue raised by the respondent, Putnam County National Bank of Carmel (hereinafter PCNB).

The petition and notice of foreclosure provided and informed PCNB that it could redeem the subject parcel by paying the amount of all unsatisfied tax liens by the redemption date, May 31, 2011, or by serving an answer setting forth the nature of its interest and any defense to the foreclosure. In accordance with RPTL article 11, the petition added that in the event of a "failure to redeem *or* answer" by a person having the right to redeem or answer, "such person shall be forever barred and foreclosed of all his or her right, title and interest and equity of redemption in and to the parcel described in this petition and a judgment in foreclosure may be taken by default" (emphasis added) (hereinafter the statutory notice) (*see* RPTL 1123 [6]; 1124 [3]; 1131, 1136 [2], [3]). PCNB filed an answer on May 31, 2011, but did not exercise its right of redemption. The Supreme Court determined that PCNB's answer was not meritorious and, inter alia, awarded possession of the subject property to Dutchess County (*see* RPTL 1136 [2] [a] [when an answer has been interposed by a party and the "court determines that the answer is not meritorious, the court shall make a final judgment awarding to such tax district the possession of the affected parcel" as if no answer had been interposed]).

In my view, the statutory notice set forth in the petition, which conforms with RPTL article 11 (*see* RPTL 1123 [8]; 1124 [3]; 1131), can be considered misleading, as it suggested that PCNB could avoid losing its interest in the subject property and the right to redeem by either redeeming the tax lien or simply answering the petition. However, when a person does not timely redeem the property that is the subject of an in rem tax foreclosure proceeding and serves an answer which is later determined to be nonmeritorious, such person's right to redeem expires and cannot be extended (*see Stone Bridge Farms, Inc. v County of Columbia,* 88 AD3d 1209, 1213 [2011]; *Matter of City of*

*Binghamton [Ritter]*, 128 AD2d 266, 268 [1987]; *see also* RPTL 1102 [4]; 1110 [2]; 1136 [2] [a]; [3]).

In the instant case, the respondent is a bank, a sophisticated party that is represented by counsel. As a result, any claim by PCNB that it was misled by the statutory notice is without merit. In other cases, however, it is conceivable that an unsophisticated party may be misled by the statutory notice. Therefore, to avoid any unintended confusion caused by the statutory notice, I invite the legislature to consider amending the relevant portions of Real Property Tax Law article 11. Such an amendment would require the statutory notice to clearly inform a person having an interest in property which is the subject of an in rem tax lien foreclosure proceeding that an answer which is deemed nonmeritorious will not be sufficient to preserve an unexercised right to redeem.