*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                517388
_____

In the Matter of ATLANTIC
    STATES LEGAL FOUNDATION,
    INC.,
                    Appellant,

        v
                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    ENVIRONMENTAL CONSERVATION,
                    Respondent,
                    et al.,
                    Respondents.
_____

Calendar Date:  June 4, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

_____

        Nolan & Heller, LLP, Albany (Carl G. Dworkin of counsel),
for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Robert M.
Goldfarb of counsel), for New York State Department of
Environmental Conservation, respondent.

_____

Stein, J.

        Appeal from a judgment of the Supreme Court (Cahill, J.),
entered June 7, 2013 in Albany County, which, in a proceeding
pursuant to CPLR article 78, granted a motion by respondent
Department of Environmental Conservation to dismiss the petition.

        In August 2012, respondent Department of Environmental
Conservation (hereinafter DEC) issued a Freshwater Wetlands
permit (see ECL art 24) to respondent Stacy Cappon relating to

property that she owned with her husband, respondent Brian Cappon, in the Town of West Monroe, Oswego County.  In December 2012, petitioner, a not-for-profit corporation, commenced this CPLR article 78 proceeding challenging DEC's approval of the permit.  DEC subsequently moved to dismiss the petition as untimely because the proceeding was not commenced within 30 days of the issuance of the permit (see ECL 24-0705 [6]).  In opposition, petitioner argued that DEC should be equitably estopped from raising timeliness grounds based on representations allegedly made by Kenneth Lynch — a DEC regional director — to Samuel Sage — petitioner's president — regarding the applicable statute of limitations.[1]  Supreme Court found, among other things, that equitable estoppel could not be invoked, granted DEC's motion and dismissed the petition.  Petitioner now appeals and we affirm.

We reject petitioner's contention that, in order to prevent injustice, DEC should be equitably estopped from asserting a statute of limitations defense because there was "an effective tolling of the statute of limitations" by Lynch's alleged representations to Sage.  It is axiomatic that the doctrine of equitable estoppel cannot generally be invoked against governmental agencies in the exercise of their governmental function (see Matter of E.F.S. Ventures Corp. v Foster, 71 NY2d 359, 370 [1988]; Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282 [1988]; Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33 [1984]; Matter of Dear v New York State & Local Retirement Sys., 115 AD3d 1141, 1143 [2014], lv denied ___ NY3d ___ [June 12, 2014]; Matter of Grella v Hevesi, 38 AD3d 113, 117 [2007]).  However, estoppel may apply in certain "exceptional cases in which there has been a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon" (Stone Bridge Farms, Inc. v County of Columbia, 88 AD3d 1209, 1212 [2011] [internal quotation marks and citations omitted]; accord Town of Copake v 13 Lackawanna Props., LLC, 99 AD3d 1061, 1064 [2012], lv denied

_____

[1]  Petitioner also argued that the 30-day statute of limitations was not applicable, but has not raised that issue on appeal.

20 NY3d 857 [2013]; see Matter of Daleview Nursing Home v Axelrod, 62 NY2d at 33; Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668 [1976]; Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi], 77 AD3d 1146, 1148 [2010]; see also Matter of Oakwood Prop. Mgt., LLC v Town of Brunswick, 103 AD3d 1067, 1069 [2013], lv denied 21 NY3d 853 [2013]).

Here, less than 30 days after the permit was issued, Sage spoke with Lynch regarding petitioner's plans to challenge the permit. According to Sage, Lynch explained that he was not adequately familiar with the permit and needed to review the matter. Sage "believe[d]" that it was during this conversation that Lynch told him that petitioner did not need to commence a CPLR article 78 proceeding within 30 days of the issuance of the permit because petitioner had four months to bring a challenge, which would give Lynch time to review it. Although Lynch acknowledged having spoken to Sage about the permit, he denied telling Sage that the applicable statute of limitations was four months or that the limitations period would be extended. Indeed, Lynch averred that he had no authority to waive or extend the applicable statute of limitations on behalf of DEC, and the statement that petitioner attributes to Lynch was, at best, akin to erroneous advice that does not rise to the level necessary to implicate the exception where estoppel may be invoked against a governmental agency (see Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi], 77 AD3d at 1148; Matter of Amsterdam Nursing Home Corp. [1992] v Daines, 68 AD3d 1591, 1592 [2009]; see also Academy St. Assoc., Inc. v Spitzer, 44 AD3d 592, 593 [2007]).

Moreover, considering petitioner's acknowledgment that it was, at the very least, aware of the likelihood that a 30-day statute of limitations applied,[2] petitioner could not have reasonably relied on the alleged representation made by Lynch, despite the longstanding working relationship between Sage and

---

[2] Petitioner's counsel averred that he advised Sage that there "was probably a 30-day time limit" and recommended that a CPLR article 78 petition be filed within 30 days.

Lynch (see Stone Bridge Farms, Inc. v County of Columbia, 88 AD3d at 1213; Matter of Dagvadorj v DeFleur, 70 AD3d 1275, 1280 [2010], lv denied 14 NY3d 712 [2010]).  To the extent not specifically addressed herein, petitioner's remaining contentions have been considered and found to be lacking in merit.

Peters, P.J., Rose, Egan Jr. and Clark, JJ., concur.


ORDERED that judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court