Matter of Bano (Commissioner of Labor) (2024 NY Slip Op 06396)

Matter of Bano (Commissioner of Labor)

2024 NY Slip Op 06396

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CV-23-0684
[*1]In the Matter of the Claim of Hameeda Bano, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 13, 2024

Before:Aarons, J.P., Pritzker, Ceresia, McShan and Mackey, JJ.

New York Legal Assistance Group, New York City (Ciara Farrell of counsel), for appellant.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Aarons, J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 2, 2023, which, upon reopening and reconsideration, adhered to its prior decision ruling that claimant had made willful misrepresentations to obtain benefits from May 4, 2020 to January 17, 2021, and imposed a monetary penalty.
Claimant worked part time as an assistant teacher for a preschool (hereinafter the employer). The employer closed in March 2020 due to the COVID-19 pandemic, but continued to pay claimant, who, beginning in May 2020, began teaching online for the employer five days a week. Also in May 2020, claimant applied for unemployment insurance benefits, effective March 9, 2020, and thereafter certified online for benefits through September 27, 2021. As relevant here, claimant certified that she worked zero days a week between May 4, 2020 and January 17, 2021 (hereinafter the subject period); for most of the weeks following January 18, 2021, claimant certified to working 2 to 4 days a week. Based upon her certifications, claimant received unemployment insurance benefits as well as federal pandemic unemployment compensation and lost wage assistance.
In October 2021, the Department of Labor issued an initial determination finding claimant ineligible to receive unemployment insurance benefits because she was not totally unemployed, charged her with a recoverable overpayment of state and federal benefits and imposed a monetary penalty for willful misrepresentations. Following a hearing, an Administrative Law Judge (hereinafter ALJ) modified the initial determination by limiting the time periods that claimant was ineligible to collect unemployment benefits. The ALJ also found that, although claimant certified that she worked zero days for the subject period, there was no evidence that claimant knew or should have known her certifications were incorrect and, therefore, she had not made any willful misrepresentations in order to obtain benefits.
The Commissioner of Labor administratively appealed the part of the ALJ's decision finding that claimant did not make willful misrepresentations during the subject period. The Unemployment Insurance Appeal Board, in November 2022, reversed that part of the decision, finding that claimant was not totally unemployed during the subject period, that claimant's certifications of working zero days constituted willful misrepresentations warranting a monetary penalty and referred the matter back to the Department for a recalculation of the monetary penalty. Claimant applied for a reopening and reconsideration of the Board's decision, which application the Board granted but adhered to its November 2022 decision. Claimant appeals.
Initially, while the administrative appeal was pending, the Commissioner approved claimant's request to waive nonwillful federal benefit overpayment obligations (see 15 USC §§ 9021 [d] [4]; 9023 [f] [2]; 9025 [e] [2]). Claimant contends that, in light of that waiver, the Commissioner was equitably estopped [*2]from appealing that part of the ALJ's decision finding that claimant's misrepresentations when certifying for benefits for the subject period were not willful. We disagree. "The doctrine of estoppel will be applied against governmental agencies only in exceptional cases in which there has been a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon" (Stone Bridge Farms, Inc. v County of Columbia, 88 AD3d 1209, 1212 [3d Dept 2011] [internal quotation marks and citations omitted]; see Matter of Atlantic States Legal Found., Inc. v New York State Dept. of Envtl. Conservation, 119 AD3d 1172, 1173 [3d Dept 2014]). Claimant has not shown, and the record does not reflect, that claimant changed her position to her detriment as a result of the Commissioner's wrongful conduct or negligence (see Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668 [1976]). Contrary to claimant's view, interposing an administrative appeal contending that claimant made willful misrepresentations during the subject period while waiving nonwillful federal benefit overpayment obligations does not evince a change in the Commissioner's position, much less negligence or misconduct. As such, estoppel is inapplicable (see Stone Bridge Farms, Inc. v County of Columbia, 88 AD3d at 1212-1213).
As to the merits, "it is well settled that a claimant is responsible for accurate reporting and must disclose any employment activity when certifying for unemployment insurance benefits, and there is no acceptable defense to making a false statement and a claim that the misrepresentation was unintentional is not sufficient" (Matter of Stoddard [Farm Family Cas. Ins. Co. Corp.-Commissioner of Labor], 228 AD3d 1198, 1200 [3d Dept 2024] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d 1211, 1212 [3d Dept 2023]). It is undisputed that claimant certified that she worked zero days during the subject period even though she was working part time. Claimant testified that she was confused and thought her certifications only applied to a second, full-time job that she lost in March 2020 in connection with that business's closure as a result of the COVID-19 pandemic. Still, "a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (Matter of Smith [Commissioner of Labor], 107 AD3d 1287, 1288 [3d Dept 2013]; see Matter of Schneider [Commissioner of Labor], 158 AD3d 882, 883 [3d Dept 2018]). Further, "[r]egardless of whether claimant read the unemployment insurance handbook online, [s]he is charged with constructive knowledge of its contents" (Matter of Stoddard [Farm Family Cas. Ins. Co. Corp.-Commissioner of Labor], 228 AD3d at 1200 [internal quotation marks, brackets and citations omitted]; see Matter of Arrigo [Commissioner [*3]of Labor], 211 AD3d 1287, 1289 [3d Dept 2022]).
Nevertheless, claimant — who speaks Pashto as her primary language and Urdu as a secondary language — argues that her misrepresentations when certifying for benefits were the result of her limited proficiency in the English language. In support of that argument, claimant points out that she was provided with an Urdu translator to assist her at the hearings before the ALJ (compare Matter of Guimarales [New York City Bd. of Educ.-Roberts], 109 AD2d 1042, 1044 [3d Dept 1985], revd on unrelated grounds 68 NY2d 989 [1986]). Yet, claimant never testified that she did not understand the claim form, the certification form or the questions asked of her when certifying because they were printed in English. Accordingly, the fact that the Department never provided her with translated versions of those materials is not relevant to whether she made willful misrepresentations in certifying for the subject period. In sum, we find no reason to disturb the Board's finding that claimant made willful misrepresentations to obtain benefits for the subject period or its imposition of a monetary penalty (see Matter of Canonico [Commissioner of Labor], 217 AD3d 1307, 1308-1309 [3d Dept 2023]; Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1205 [3d Dept 2023]).
Finally, claimant contends that the Department erroneously charged her with overpayments of state unemployment insurance benefits during a time when she was only collecting federal pandemic unemployment assistance benefits. Inasmuch as the November 2022 Board decision was limited to determining whether claimant had made willful misrepresentations, the Board properly declined to address this issue upon its reopening of that decision, and we will not consider it on appeal (see Matter of De Prima [Commissioner of Labor], 260 AD2d 715, 715 [3d Dept 1999], appeal dismissed 93 NY2d 1040 [1999]).Claimant's remaining contentions, to the extent preserved for our review, have been considered and found to be without merit.
Pritzker, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.