Matter of "In Rem" Delinquent Tax Lien Foreclosure Proceeding brought pursuant to Art. Eleven, Title 3 of the Real Prop. Tax Law (2025 NY Slip Op 51953(U))

[*1]

Matter of "In Rem" Delinquent Tax Lien Foreclosure Proceeding brought pursuant to Art. Eleven, Title 3 of the Real Prop. Tax Law

2025 NY Slip Op 51953(U)

Decided on December 11, 2025

Supreme Court, Rensselaer County

Mendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 11, 2025
Supreme Court, Rensselaer County

In the Matter of the "In Rem" Delinquent Tax Lien 
 Foreclosure Proceeding brought pursuant to Article Eleven, Title 3 of the Real Property Tax Law.
CITY OF RENSSELAER, New York, Tax District, Petitioner,
against
BERNARD E. BOHLEY, ERIC BOHLEY (Parcel # 8, Tax Map # 144.21-3-13), Respondents, and 
 THOMAS J. CARDAMONE f/k/a THOMAS J. HUGHES (Parcel # 23, Tax Map # 143.44-2-9). Respondent.

Index No. 2025-278794

Maney & Powis, P.C.
Joseph B. Liccardi, Esq. of counsel
77 Troy Road, Suite 4
East Greenbush, New York 12061
Attorney for Petitioner City of Rensselaer
Joseph F. Scully, Jr., pro se
No appearances by named respondents

Noel Mendez, J.

In this RPTL Article 11 tax lien foreclosure proceeding, Petitioner City of Rensselaer ("City") seeks, by way of separate motions, to strike answers pertaining to two parcels of land subject to the proceeding. For the reasons that follow, the Court grants the motion and strikes the two answers in their entirety.
The City commenced this tax foreclosure proceeding pursuant to Article 11 of the RPTL with the filing of a List of Delinquent Taxes for certain properties with Supreme Court, Rensselaer County, in January of this year. As relevant here, two answers were interposed.
In a tax foreclosure proceeding pursuant to Article 11 of the RPTL, an unpaid tax lien is presumptively valid, and the respondent bears the burden of establishing either an affirmative defense, a procedural defect, or the invalidity of the lien (see RPTL § 1134; see also Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi], 77 AD3d 1146, 1147 [3d Dept 2010]; citing Kennedy v. Mossafa, 100 NY2d 1, 8 [2003]).
As relevant here, Joseph F. Scully, Jr. ("Scully"), who is not a named respondent, interposed an answer in the proceeding as a person claiming to have an interest in Parcel No. 8, asserting, inter alia, that they have made a "valiant" effort in paying a certain amount of outstanding taxes, to the extent of paying outstanding taxes to the County of Rensselaer ("County"). However, it appears from the answer that Scully has not paid any outstanding taxes as they relate to the City, and regardless of whether Scully paid outstanding taxes to the County or the City, partial payment is not a defense (see RPTL § 928-a [2] ["The acceptance of a partial payment by any official pursuant to this section shall not be deemed to affect any liens and powers of any municipal corporation conferred in any general or special act, but such rights and powers shall remain in full force and effect to enforce collection of the unpaid balance of such tax or tax liens together with interest, penalties and other lawful charges"]). Thus, the City's motion is granted with respect to Parcel No. 8.
Insofar as the answer concerning Parcel No. 23 is concerned, the City's motion is also granted. The City, as a statutorily defined tax district, does have standing to proceed with the matter and has a presumptive claim to the outstanding taxes at issue (see RPTL §§ 1102 [6] [b]; 1120; 1122; 1134). Moreover, contrary to their answer, the respondent, who did not file opposition papers for this motion, was not denied due process, to the extent they claim no statements were made regarding the lifting of the stay during the bankruptcy proceeding (see generally RPTL § 1140 [1] [discussing stays of proceedings under Article 11 due to bankruptcy proceedings]). The federal order lifting the automatic stay specifically referenced that the stay would be lifted so as to permit the City to prosecute the tax foreclosure proceeding.
The Court, therefore, strikes both answers interposed in this case (see Matter of Foreclosure of Tax Liens v Putnam County Natl. Bank of Carmel, 107 AD3d 989, 989 [2d Dept 2013] [granting the petitioner's motion seeking, among other things, to strike the answer of the respondent in that case for lack of merit], lv denied 22 NY3d 852 [2013]).
Based on the foregoing, it is
ORDERED, that the City's motion seeking that the two answers be stricken is granted; and it is further
ORDERED, that the two answers are hereby stricken; and it is further
ORDERED, that this Decision and Order may be entered by the Clerk of the Court without further notice.
Dated: December 11, 2025
Troy, New York
Hon. Noel Mendez
Acting Justice of the Supreme Court
Papers Considered:
Parties' motions and opposition papers, with exhibits.