■ COLONIE CONSTRUCTION PRODUCTS, INC., Respondent, v TITAN INDEMNITY COMPANY et al., Defendants, and BOARD OF EDUCATION ULSTER COUNTY BOCES, Appellant. [662 NYS2d 621] —Peters, J. Appeal from an order of the Supreme Court (Carpinello, J.), entered July 2, 1996 in Ulster County, which granted plaintiff's motion for a conditional order of preclusion.

In December 1993, plaintiff commenced this mechanic's lien

foreclosure action against defendant Titan Indemnity Company for payment due on material and labor it had supplied in connection with the construction of an addition to the Vocational-Technical Center of defendant Board of Education Ulster County BOCES. In September 1995, BOCES and defendant SRC Contracting Corporation were added as defendants. In its answer, Titan, the surety on the labor and material bond which guaranteed payment to any claimants having a contract with SRC in connection with the construction project, asserted that plaintiff's claim was untimely because it did not comply with the terms of the payment bond in that it was not filed within one year from the date SRC ceased work on the construction contract.

In an attempt to ascertain the completion date of the contract, plaintiff served BOCES with a notice of discovery and inspection for information pertaining thereto. However, BOCES responded that, despite its efforts to obtain the information requested, such information was unavailable as it was not in its possession. Thereafter, plaintiff moved to deem the issue of the contract completion date in its favor and to preclude defendants from presenting any evidence thereon at trial. Supreme Court conditionally granted plaintiff's motion, giving defendants 30 days within which to produce the information sought. BOCES appealed challenging the order of preclusion.

During the pendency of this appeal, plaintiff moved for and was granted a final order of preclusion which determined that the completion date of the construction project was resolved in plaintiff's favor. It further precluded SRC and Titan from presenting any evidence thereon at trial. As no timely appeal has been taken from such final order, we dismiss this appeal as moot (*see generally*, *Matter of Hearst Corp. v Clyne*, 50 NY2d 707; *Reid v Reid*, 166 AD2d 811, 812).

Crew III, J. P., White, Casey and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.