■ In the Matter of MICHAEL RODRIGUEZ, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [723 NYS2d 561] —Peters, J. Appeal from an order of the Supreme Court (Sheridan, J.), entered November 16, 1999 in Albany County, which denied petitioner's motion to, *inter alia*, hold respondent in contempt for failing to comply with a prior judgment.

Following the denial of his request for parole release in February 1999, petitioner commenced a CPLR article 78 proceeding that resulted in a judgment which, based upon the absence of records from the file considered by the Board of Parole, annulled the parole release denial. Specifically, petitioner's file was found to be lacking his institutional records for the period 1971 through 1987 and the presentence report that would ordinarily have been prepared prior to his sentencing in 1971. The judgment directed respondent to locate the institutional records and make them part of petitioner's file or document a diligent search therefor. With regard to the presentence report, the judgment directed respondent to obtain a copy of the original report or, if necessary, a reconstructed report. The judgment further directed respondent to conduct a de novo parole release hearing when the institutional records and report were obtained.

At the de novo hearing, petitioner objected on the ground that the institutional records and presentence report were still missing. The Board found no merit to the objection, proceeded with the hearing and again denied petitioner's application for parole release. Petitioner then moved for, *inter alia*, an order holding respondent in contempt for failing to comply with the judgment. Supreme Court found that petitioner's file contained his institutional records for the years 1971 through 1987 and that, although the presentence report was still missing, respondent had made diligent efforts to locate it and have it reconstructed but that the report could not be found and reconstruction was not possible. Accordingly, the court concluded that respondent had complied with the judgment to the extent it was possible to do so and denied petitioner's motion, prompting this appeal by petitioner.

We affirm. A review of the record confirms that, while petitioner's institutional record maintained by the Department of Correctional Services may be incomplete, the parole file maintained by respondent does in fact contain institutional records for petitioner which encompass the period 1971 through 1987. It appears that, in the context of his Freedom of Information Law appeal, petitioner was wrongly advised by respondent's counsel that the records were still missing. It also

appears, however, that the misinformation was the result of a lack of timely communication between counsel and the parole officer who was responsible for ensuring that petitioner's file was complete. There is no support in the record for petitioner's claim that he or the court was intentionally misled.

We also disagree with petitioner's claim that the transcript of the de novo hearing establishes that the records were still missing. While the transcript demonstrates that the presentence report remained missing, the institutional records were in the file, a fact confirmed by the documents submitted for in camera review. With regard to the presentence report, the record contains affidavits of two parole officers which demonstrate the efforts made to locate the report, establish that there is no report and document the reasons that a report cannot be reconstructed. Based upon our review of the record, we conclude that Supreme Court did not abuse its discretion in refusing to hold respondent in contempt (*see generally, Educational Reading Aids Corp. v Young*, 175 AD2d 152).

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.