■ In the Matter of the FORECLOSURE OF TAX LIENS BY COUNTY OF DELAWARE, Respondent. JRL OUTREACH PROGRAM, INC., Appellant. [792 NYS2d 211]—

Lahtinen, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered July 28, 2003 in Delaware County, which, in a proceeding pursuant to RPTL article 11, dismissed respondent's answer.

Respondent, allegedly a nonprofit corporation exempt from taxes under Internal Revenue Code (26 USC) § 501 (c) (3), purchased property in May 2000 in the Town of Andes, Delaware County, on which it reportedly operated a religious camp for children. Respondent contends that it notified the Town Assessor's office of its tax-exempt status when it purchased the property and, thereafter, never received a tax bill or any other notice of assessment. The Town, however, assessed taxes, which went unpaid, and, in 2003, petitioner commenced a foreclosure proceeding on the property pursuant to RPTL article 11. Respondent contends that it did not receive notice of the foreclo-

sure proceeding because the notice—like the prior assessments—was sent to an incorrect address. Indeed, respondent allegedly learned of the foreclosure proceeding only through a published notice shortly before the scheduled sale of the property. Respondent then served an answer to the foreclosure proceeding reiterating its tax exempt status (*see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194 [1991]) and alleging, among other things, a denial of due process based upon not receiving any notice of the assessments or proper notice of the foreclosure proceeding. Supreme Court dismissed respondent's answer upon the grounds that it had not submitted the necessary paperwork to the Town establishing its tax-exempt status and the Town had no duty to look beyond the closing papers on the sale of the property for an address. Respondent appealed and we granted a stay pending appeal.

Review of the record reveals several factual issues, including whether the efforts at providing the underlying relevant notices to respondent complied with due process (*see Kennedy v Mossafa*, 100 NY2d 1, 8-11 [2003]; *see also Akey v Clinton County, N.Y.*, 375 F3d 231, 236 [2004]). It was thus error for Supreme Court to summarily dismiss respondent's answer. Respondent has, however, since paid the assessed taxes together with interest and penalties, bringing an end to this RPTL article 11 proceeding and securing its ownership of the property. The allegations in its answer are thus moot within the context of the now terminated foreclosure proceeding. Moreover, respondent did not serve a pleading upon the Town, which would be a necessary party in an action challenging the legality of the taxes (*see Matter of Consolidated Edison Co. of N.Y. v State Bd. of Real Prop. Servs.*, 255 AD2d 8, 11 [1999]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.