■ In the Matter of DEREK DeMEO, Appellant, v CITY OF ALBANY et al., Respondents, and PHLIP 'N SPILL, INC., Doing Business as THE BAYOU CAFÉ, Respondent. [901 NYS2d 392]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered January 9, 2009 in Albany County, which, in a proceeding pursuant to CPLR 3102 (c), denied petitioner's motion to hold respondent Phlip 'N Spill, Inc. in contempt.

In December 2006, petitioner was allegedly assaulted on a downtown City of Albany street near the place of business of respondent Phlip 'N Spill, Inc. (hereinafter respondent). Believing that surveillance cameras installed at respondent's business might have captured the incident, petitioner commenced this proceeding pursuant to CPLR 3102 (c). In January 2007, Supreme Court ordered respondent and others to preserve the video recordings for the dates in question, file copies with the court and provide copies to petitioner's counsel. Respondent initially set the computer hard drive containing the video recordings aside, away from other hard drives used for the surveillance system, and, in February 2007, petitioner's counsel and his private investigator viewed them at respondent's place of business.

After several requests for a copy of the videos, petitioner's attorney was advised in September 2007 that respondent could no longer locate the videos. According to the affidavit of respondent's owner, he had set the hard drive containing the pertinent videos in his office for safekeeping, and surmised that his spouse, without his knowledge, cleaned the office and placed the hard drive back into rotation with the others, thus taping over the pertinent portions. Petitioner then moved to hold respondent in contempt pursuant to Judiciary Law § 753.* After a hearing, Supreme Court denied petitioner's motion, finding that petitioner failed to establish that he had been prejudiced by respondent's failure to comply with the January 2007 order. Petitioner now appeals and we affirm.

In order to make a finding of civil contempt, petitioner must establish, by clear and convincing evidence, that respondent knowingly violated a lawful court order with an unequivocal mandate and that respondent's actions "defeated, impaired, impeded or prejudiced a right of the moving party" (*Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008]; *see* Judiciary Law § 753[A]; *Beneke v Town of Santa Clara*, 61 AD3d 1079, 1080-1081 [2009]; *Aison v Hudson Riv. Black Riv. Regulating Dist.*, 54 AD3d 457, 458 [2008]). Not every violation of a discovery order constitutes contempt of court. Here, respondent initially preserved the material sought by petitioner but ultimately violated Supreme Court's order by failing to maintain control of it. Petitioner's failure to establish prejudice as a result of respondent's failure to preserve the video recordings warrants the denial of his application for civil contempt (*see Matter of Augat v Hart*, 244 AD2d 800, 802 [1997]). Indeed, petitioner argued that the extent of the usefulness of the recordings "will never be fully known." Notably, petitioner does not claim that the video recordings depict the assault causing his injuries, but that the recordings simply show petitioner being taken away from the front of respondent's restaurant by a police officer, "and it was at the location where he was taken that [petitioner] was injured." According the court the deference to which it is entitled, we cannot say that it abused its discretion in denying petitioner's motion (*see Beneke v Town of Santa Clara*, 61 AD3d at 1081; *Matter of Aurelia v Aurelia*, 56 AD3d at 966).

Cardona, P.J., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* By decision dated June 4, 2009, we affirmed Supreme Court's determination that the order to show cause was properly served on respondent (*Matter of DeMeo v City of Albany*, 63 AD3d 1272, 1272 [2009]).