■ In the Matter of JOHN PLATTEN, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [924 NYS2d 619]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered December 10, 2010 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion to hold the Board of Parole in contempt.

Petitioner is serving a sentence of 20 years to life in prison for his 1990 conviction of murder in the second degree. In 2001, certain material was ordered to be stricken from petitioner's presentence investigation report. In 2008, following his first parole hearing, the Board of Parole denied petitioner parole. Petitioner thereafter commenced the instant CPLR article 78 proceeding seeking to annul the Board's determination. Supreme Court granted the petition, finding that the Board had improperly relied upon information that should have been removed from petitioner's parole record pursuant to the 2001 court order and remanded the matter for a de novo hearing before a new panel. Subsequently, the court granted petitioner's motion to hold the Board in contempt for its failure to conduct the de novo hearing and directed that such hearing be held within 30 days. Upon completion of the de novo hearing, the Board denied petitioner parole. Petitioner again moved to hold the Board in contempt, alleging that the de novo hearing was improper for various reasons. Supreme Court denied petitioner's motion and petitioner appeals.

To establish civil contempt, petitioner must demonstrate by clear and convincing evidence that the Board knowingly violated

a clear and unequivocal court order and that such conduct prejudiced his rights (*see Matter of DeMeo v City of Albany*, 73 AD3d 1316, 1317 [2010], *lv dismissed* 15 NY3d 819 [2010]; *Town of Copake v 13 Lackawanna Props., LLC*, 73 AD3d 1308, 1309 [2010]). Petitioner contends that the Board panel before whom the de novo hearing was held was not "new" because one member allegedly had knowledge of the material that was expunged from his record. However, petitioner presented no proof of the member's actual reliance on such material and, based upon the record before us, such allegation is purely speculative. Accordingly, we find no reason to disturb Supreme Court's finding that the Board fully complied with the court orders (*see Matter of Rodriguez v New York State Div. of Parole*, 282 AD2d 886, 887 [2001], *lv dismissed* 96 NY2d 937 [2001]).

Petitioner's remaining arguments have been considered and found to be without merit or are more properly raised in a CPLR article 78 proceeding directly challenging the Board's determination.

Rose, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 2010 NY Slip Op 32663(U).]**