■ In the Matter of the Foreclosure of Tax Liens by COUNTY OF ALBANY, Respondent. JOSEPHINE ROSSI, Appellant. [941 NYS2d 531]—

Spain, J.P. Appeal from an order of the County Court of Albany County (Doyle, J.), entered September 16, 2009, which, in a proceeding pursuant to RPTL article 11, denied respondent's motion to vacate a writ of assistance.

Respondent is the former owner of residential real property in the Town of Colonie, Albany County, acquired by petitioner in a deed of foreclosure, recorded on September 8, 2008. On November 20, 2008, petitioner moved pursuant to RPTL 1162 for a writ of assistance seeking to remove respondent from the premises. Shortly thereafter, respondent filed a bankruptcy petition in United States Bankruptcy Court for the Northern District of New York. Following a December 2008 hearing at which respondent personally appeared, the writ was granted and was executed in January 2009 by delivering possession of the premises to petitioner. Respondent unsuccessfully moved to set aside the writ based on various grounds, including what she believed to be an automatic stay in bankruptcy court. Respondent now appeals.

The appeal must be dismissed as moot. The writ was fully executed in January 2009 and the property was sold at public auction in August 2009. Thus, the relief respondent seeks—vacating the order granting the writ—will not affect her rights as she has already vacated the premises and no longer has any claim to the property.* Accordingly, the appeal is moot (*see Matter of Foreclosure of Tax Liens by County of Delaware [JRL Outreach Program, Inc.]*, 16 AD3d 925, 926 [2005]; *Colonie Constr. Prods. v Titan Indem. Co.*, 242 AD2d 852, 853 [1997]) and, as the exception to the mootness doctrine does not apply (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]), it must be dismissed.

In any event, petitioner's claims regarding defects in service, notice and jurisdiction are belied by the record and she was not entitled to an automatic stay based on her bankruptcy petition. Although the commencement of such a proceeding typically results in a stay of other proceedings against a tax debtor (*see* RPTL 1140 [1]; 11 USC § 362 [a]), where a debtor files a new bankruptcy petition within one year of the dismissal of a previous bankruptcy case, the automatic stay is limited to 30 days (*see* 11 USC § 362 [c] [3] [A]). Respondent previously filed a bankruptcy petition in October 2005 and that proceeding was not dismissed until September 5, 2008. Thus, at most, she would have been entitled to a 30-day stay following the November 28, 2008 filing of her second bankruptcy petition (*see* 11 USC § 362 [c] [3] [A]), and County Court did not issue its order granting the writ until January 5, 2009, well after the 30-day stay had expired. Further, an automatic stay of an act against property of the debtor's estate only continues until such property is no longer property of the estate (*see* 11 USC § 362 [c] [1]) and, here,

---

* Respondent did not appeal from the foreclosure proceeding.

the deed of foreclosure was recorded before petitioner filed her second bankruptcy petition. At that point, she no longer had a right of redemption in the property (see RPTL 1136 [3]) and, thus, the property was never property of the bankruptcy estate (see In re Rodgers, 333 F3d 64, 69 [2d Cir 2003]).

Malone Jr., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.