*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 17, 2014                 518062
_____

In the Matter of the
    Foreclosure of Tax Liens by
    COUNTY OF ULSTER.

COUNTY OF ULSTER,                          OPINION AND ORDER
                    Respondent;

ERED ENTERPRISES, INC.,
                    Appellant.
_____

Calendar Date:   June 5, 2014

Before:   Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

                    _____

        John J. Darwak, Shokan, for appellant.

        Beatrice Havranck, County Attorney, Kingston (Susan K.
Plonski of counsel), for respondent.

                    _____

McCarthy, J.

        Appeal from an order and judgment of the County Court of
Ulster County (Williams, J.), entered March 6, 2013, which, in a
proceeding pursuant to RPTL article 11, among other things,
granted petitioner's motion for summary judgment.

        Respondent owns real property located in Ulster County.
Respondent failed to pay property taxes in 2007, 2008 and 2009
and, in order to avoid foreclosure, the parties executed an
installment agreement in December 2009, which was reinstated in
2011, pursuant to RPTL 1184 and Local Law No. 1 (2000) of the
County of Ulster (hereinafter Local Law No. 1).  The terms of the
installment agreement required respondent to pay the eligible

delinquent taxes in the amount of $84,326.98 "plus interest at the rate of [12%] per annum" in 24 monthly payments of $3,969.57.[1]  Respondent ultimately defaulted with three payments remaining.

In October 2011, petitioner reinstated this in rem tax lien foreclosure proceeding and demanded immediate payment of the outstanding amount under the installment agreement.  In its answer, respondent asserted that it was ready, willing and able to tender payment of the "unpaid balance due subject to an equitable computation of any additional interest and/or penalties" and that, as it was prepared to exercise its right to redeem, foreclosure of the property was unjustifiable.  Within days of serving the answer, respondent's attorney proposed a settlement of the matter for a payment of $12,504.15, consisting of the three final monthly installment payments of $3,969.57, which included a 12% annual interest rate, and a 5% late charge. Petitioner rejected the offer, asserting, among other things, that the Ulster County Commissioner of Finance lacked the authority to accept a reduced amount of interest and penalties, and, further, that the amount to redeem the property was $16,752.79 as of the date of respondent's answer.  Respondent, having disputed petitioner's calculation, elected not to redeem the property at that time.

Petitioner moved for, among other things, summary judgment on the foreclosure petition and to strike respondent's answer. Respondent cross-moved for summary judgment dismissing the petition, once again alleging that petitioner had incorrectly computed the accrued interest and penalties on the outstanding balance and demanding that the court determine the correct amount required to redeem the property.  In January 2013, County Court issued a decision which, among other things, granted petitioner's summary judgment motion and directed petitioner to submit a proposed judgment in accordance with the decision.  In March

---

[1]  RPTL 1184 (1) (a) defines the term "eligible delinquent taxes" as the "delinquent taxes, including interest, penalties and other charges, which have accrued against a parcel as of the date on which an installment agreement is executed."

2013, an order and judgment was entered granting petitioner's motion for summary judgment, striking respondent's answer and denying respondent's cross motion in its entirety. Respondent appeals.

Petitioner established its entitlement to judgment as a matter of law by demonstrating that respondent defaulted on the installment agreement, that the parcel has appeared on the list of delinquent taxes since 2009 and, further, that following respondent's default, petitioner accelerated the payment of the entire unpaid balance – including interest and penalties – and commenced enforcement proceedings (see RPTL 1138 [4]; 1184 [7], [8] [b]; Local Law No. 1 [2000] of County of Ulster § 8; see also Stone Bridge Farms, Inc. v County of Columbia, 88 AD3d 1209, 1211 [2011]). Respondent acknowledged, at all times prior to and throughout the course of the foreclosure proceeding, that it defaulted on the installment agreement and did not challenge the validity of the proceeding or the amount of the eligible delinquent taxes. However, the parties indicated to this Court, both in their briefs and during oral argument, that respondent exercised its right of redemption after the summary judgment motions were decided by County Court and approximately two weeks before the judgment of foreclosure was entered with the Ulster County Clerk's office.[2] Accordingly, we find that the part of respondent's appeal relating to the grant of summary judgment on the petition is now moot (see e.g. Matter of Pray v Clinton County, 101 AD3d 1567, 1568 [2012]; Matter of Foreclosure of Tax Liens by County of Delaware [JRL Outreach Program, Inc.], 16 AD3d 925, 926 [2005]), and the exception to the mootness doctrine is not applicable (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).

Nonetheless, inasmuch as respondent had continually demanded, both in its answer and cross motion, a judicial determination of the redemption amount, County Court erred in failing to address that issue. Where, as here, joinder of issue

---

[2] Respondent purportedly redeemed its property by making, under protest, a payment in the amount of $20,166.22 to petitioner on February 20, 2013.

occurred and the answer raised material issues that are relevant within the context of the foreclosure action, the court is required to "summarily hear and determine the issues raised by the petition and answer in the same manner and under the same rules as it hears and determines other proceedings or actions" (RPTL 1130 [1]). Alternatively, where "it appears to the court that testimony is necessary for the proper disposition of the matter, it shall take evidence or appoint a referee to take such evidence as it may direct" (RPTL 1130 [2]; see e.g. Matter of County of Chautauqua v Elderkin, 111 AD3d 1406, 1407 [2013]; see also Matter of American Tax Funding, LLC v Saita, 107 AD3d 1134, 1135 [2013]). As respondent's answer raised issues of fact warranting consideration — which were articulated in greater detail in the subsequent cross motion — County Court should have decided the question before it (see e.g. Matter of City of Troy v Greenburg, 251 AD2d 926, 928 [1998]; Matter of City of Binghamton [Ritter], 128 AD2d 266, 267 [1987]).

Next, we address respondent's argument that petitioner erred in its calculation of the amount of interest and penalties that were included in the final redemption amount. Initially, contrary to petitioner's claim, respondent's failure to satisfy its installment agreement obligations did not serve to nullify the installment agreement or allow petitioner to cancel it; rather, respondent's failure triggered the default provisions of RPTL 1184, which are also reflected in the default sections of Local Law No. 1 and the installment agreement itself (see RPTL 1184 [8]; Local Law No. 1 [2000] of County of Ulster § 8). Because this is the first appellate decision addressing the computation after a default of a delinquent tax installment agreement, we find it instructive to fully explain the proper statutory formula for all courts and taxing authorities to apply in similar cases.

We begin with the statutory requirements for installment agreements, as relevant to a default. RPTL 1184 (6) calls for amortization of interest over the period of the agreement and says that each installment payment is due on the last day of the month. RPTL 1184 (7) refers to RPTL 924-a for the applicable interest rate, which here is 12% per annum or 1% per month (see RPTL 924-a [1], [2]). Pursuant to RPTL 1184 (7), "[i]f an

installment is not paid" by its due date, "interest shall be added at the applicable rate for each month or portion thereof until paid. In addition, if an installment is not paid by the end of the fifteenth calendar day after the payment due date, a late charge of [5%] of the overdue payment shall be added." In the event of a default, the taxing authority has "the right to require the entire unpaid balance, with interest and late charges, to be paid in full" (RPTL 1184 [8] [b]), and can also go forward with foreclosure or enforce the collection of the delinquent tax lien pursuant to any other applicable law (see RPTL 1184 [8] [b]).

Petitioner found that respondent was in default and reinstated the foreclosure proceeding, thereby demanding payment of "the entire unpaid balance" (RPTL 1184 [8] [b]). The problematic issue here is determining how to calculate that balance and, using that balance, how to calculate the total amount owed by respondent as of the date of redemption.

We start by explaining how to calculate "the entire unpaid balance." Although the statute may be complex, we find that its language is unambiguous and, therefore, we must give effect to its plain meaning (see Pultz v Economakis, 10 NY3d 542, 547 [2008]; Matter of Joyce [Coface N. Am. Ins. Co.-Commissioner of Labor], 116 AD3d 1132, 1133 [2014]). Respondent acknowledges that it failed to pay the September, October and November 2011 installment payments. The "entire unpaid balance" must be figured as of the date that petitioner demanded that the balance be paid in full (or accelerated it), which occurred here after the September installment payment was overdue. When that payment was not paid by its due date, 1% interest should have begun to accrue (see RPTL 1184 [7]).[3] The statute calls for interest to be added if "an installment" is not paid, so this interest should be calculated on the overdue September installment payment. In addition, a 5% late charge should have been added for the September installment payment because that payment was overdue by more than 15 days (see RPTL 1184 [7] [imposing late charge of 5%

---

[3] Under RPTL 1184 (7), this 1% is added even if the taxpayer is not yet in default.

"of the overdue payment"]).  So the amount owed as of the date of acceleration, but before acceleration occurred, included the amount of the September installment payment, plus 1% interest on that installment payment amount from the day after the September payment was due until the date of acceleration, plus 5% of the September installment payment amount as a late charge.  Adding that sum of September's payment, interest and late charge to the remaining unpaid principal as of the date of acceleration (covering what would have been the October and November installment payments, but not including the amortized interest for those months as those payments were not yet due under the agreement) will produce "the entire unpaid balance."

From the time that the balance was demanded (or accelerated), 1% interest per month is due on that amount until the property was redeemed.  Although interest is still calculated at 1%, this interest rate is not determined under the statutory provisions dealing with interest on installment agreement payments (see RPTL 1184 [6], [7]), but is determined under the default provision of RPTL 1184 (8) (b) that allows petitioner to enforce the collection of the delinquent tax lien pursuant to any other applicable law (i.e., RPTL 924-a, which addresses interest on tax delinquencies).

Considering this statutory formula, petitioner's calculation method was wholly unreasonable and likely resulted in an excessive redemption amount (see RPTL 924-a [1], [2]; 1184 [7], [8]).  Although respondent requests that we perform the abovementioned calculation and determine the proper redemption amount, due to the incomplete nature of the record, we must remit this matter to County Court to apply the aforementioned formula to the relevant facts to determine whether respondent is entitled to a refund of a portion of the redemption amount that it paid under protest.

Lahtinen, J.P., Rose, Lynch and Devine, JJ., concur.

ORDERED that the order and judgment is modified, on the law, without costs, by reversing so much thereof as struck respondent's answer and denied respondent's cross motion; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court