*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                518768
_____

In the Matter of JOHN D.
    JUSTICE,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                        Respondent.
_____

Calendar Date:  February 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

                    _____


        John D. Justice, Comstock, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.

                    _____


Garry, J.

        Appeal from a judgment of the Supreme Court (Melkonian,
J.), entered April 4, 2014 in Albany County, which, in a
proceeding pursuant to CPLR article 78, denied petitioner's
motion to hold respondent in civil contempt.

        Petitioner, who is currently incarcerated, applied for
conditional release and, when he did not receive a response, he
commenced a CPLR article 78 proceeding seeking to compel
respondent to rule upon his application.  Supreme Court granted
the petition and issued an order that, among other things,
directed respondent to decide petitioner's application.  In
connection therewith, the Department of Corrections and Community

Supervision (hereinafter DOCCS) informed petitioner that one of the conditions of his release was that he reside in an approved residence. Petitioner provided DOCCS with three residential options. None of these were found acceptable, and DOCCS thus requested that petitioner provide further residential options. Petitioner declined to do so and, instead, brought the instant motion for an order seeking to hold respondent in civil contempt for failure to comply with the court's prior order. Respondent did not file a response. Supreme Court found that respondent had complied with the prior order and denied petitioner's application. Petitioner appeals.

We affirm. In order "[t]o establish civil contempt, [the] petitioner must demonstrate by clear and convincing evidence that the [respondent] knowingly violated a clear and unequivocal court order and that such conduct prejudiced his [or her] rights" (Matter of Platten v New York State Div. of Parole, 85 AD3d 1281, 1281-1282 [2011]; see Matter of DeMeo v City of Albany, 73 AD3d 1316, 1317 [2010], lv denied 15 NY3d 819 [2010]). Petitioner has not made that showing here. The record discloses that DOCCS complied with the prior order by seeking to collect the information needed from petitioner to process his application. Petitioner did not cooperate with DOCCS by providing it with information regarding additional residential options after the first three were found unacceptable and, thus, he may not claim that DOCCS failed to process his application. Accordingly, Supreme Court properly concluded that its prior order was not violated and denied petitioner's motion to hold respondent in civil contempt. We have considered petitioner's remaining contentions and find them unavailing.

Lahtinen, J.P., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court