Matter of Foreclosure of Tax Liens by County of Broome (2021 NY Slip Op 01301)





Matter of Foreclosure of Tax Liens by County of Broome


2021 NY Slip Op 01301


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

530832

[*1]In the Matter of the Foreclosure of Tax Liens by County of Broome. County of Broome, Respondent; John Cadore et al., Appellants.

Calendar Date: January 14, 2021

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


John Cadore, Binghamton, appellant pro se, and for Sarah Cadore, appellants.
Robert Behnke, County Attorney, Binghamton, for respondent.



Lynch, J.
Appeal from an order and judgment of the County Court of Broome County (Dooley, J.), entered November 14, 2019, which, in a proceeding pursuant to RPTL article 11, among other things, granted petitioner's motion for summary judgment.
Respondents were the owners of real property located at 15 Ozalid Road in the Town of Union, Broome County. In November 2017, petitioner filed a list of delinquent taxes pursuant to RPTL 1122, which included respondents' property with a lien of $6,633.29 plus interest as of October 10, 2017. In November 2018, petitioner commenced this in rem tax foreclosure proceeding pursuant to RPTL article 11 and fixed the last day for redemption at February 15, 2019. One day before this deadline, respondents filed an answer with a counterclaim seeking $50,000 for unpaid legal fees that respondent John Cadore, an attorney, ostensibly earned pursuant to County Law article 18-B. In August 2019, petitioner moved for summary judgment. Respondents opposed, seeking a default judgment on the counterclaim.
On October 22, 2019, with the summary judgment motion pending, respondents endeavored to pay the 2017 tax delinquency, only to be informed that the outstanding 2019 tax had to be paid first (see RPTL 1110 [1]). Respondents paid the 2019 tax that day and received both a receipt and a letter from petitioner's Real Property Director advising that the 2017 tax had to be paid prior to February 15, 2020. A week later, County Court granted summary judgment to petitioner and dismissed respondents' counterclaim. A corresponding order and judgment was issued on November 12, 2019. Respondents' separate motions to "reverse" that determination were denied by subsequent decisions and orders dated December 10, 2019 and January 9, 2020. Respondents filed a notice of appeal only from the November 12, 2019 order and judgment.[FN1]
We affirm. A statutory presumption of validity attends an RPTL article 11 proceeding, and where, as here, the answer fails to allege "any jurisdictional defect or invalidity in the tax," a court is required to grant summary judgment in the petitioner's favor (RPTL 1134; see RPTL 1136 [2] [a]; Matter of County of Broome [Cekic], 162 AD3d 1348, 1348-1349 [2018], lv dismissed 32 NY3d 1052 [2018]). As for the events of October 22, 2019, several factors preclude any relief in respondents' favor. Their statutory right to redemption expired on February 15, 2019 (see RPTL 1110 [2]; Matter of County of Broome [Cekic], 162 AD3d at 1349-1350), and, although proof of payment is a complete defense (see RPTL 1130 [1]), respondents did not seek to amend their answer and, in fact, did not pay the 2017 lien prior to the issuance of the order and judgment. We recognize that petitioner's Real Property Director misinformed respondents as to the deadline for paying the 2017 lien, but estoppel may not be invoked against a municipality based on an administrative error (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282[*2][1988], appeal dismissed and cert denied 488 US 801 [1988]). We find respondents' remaining arguments unpreserved and, in any event, without merit.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order and judgment is affirmed, without costs.



Footnotes

Footnote 1: In their reply brief, respondents explain that "[t]his is not an [a]ppeal from any motion to renew or re-argue." Moreover, having failed to challenge the counterclaim dismissal in their brief, respondents have abandoned any argument as to that determination (see Prendergast v Swiencicky, 183 AD3d 945, 946 n 1 [2020], lv denied 36 NY3d 944 [2020]).