Cascade Bldrs. Corp. v Rugar (2021 NY Slip Op 02571)





Cascade Bldrs. Corp. v Rugar


2021 NY Slip Op 02571


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

529554
[*1]Cascade Builders Corp., Appellant- Respondent,
v
John Rugar, Doing Business as Jack Rugar Painting, et al., Appellants. and Benjamin Moore & Co., Respondent.

Calendar Date:March 11, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Thorn Gershon Tymann & Bonanni, LLP, Albany (Erin Mead of counsel), for appellant-respondent.
Flink Maswick Law PLLC, Lake Placid (James L. Maswick of counsel), for John Rugar and another, appellants.
Farber Brocks & Zane LLP, Garden City (Andrew J. Mihalick of counsel), for Utica First Insurance Company, appellant.
O'Connor, O'Connor, Bresee & First, PC, Albany (Danielle N. Meyers of counsel), for respondent.



Aarons, J.
Appeals (1) from an order of the Supreme Court (Ellis, J.), entered June 14, 2019 in Franklin County, which, among other things, denied John Rugar's motion for summary judgment dismissing the amended complaint against it, and (2) from an amended order of said court, entered July 3, 2019 in Franklin County, which granted a motion by defendant Benjamin Moore & Co. for summary judgment dismissing the cross claims against it.
The underlying facts are set forth in a prior appeal (154 AD3d 1152 [2017]). Briefly, plaintiff, a general contractor, hired defendant John Rugar, a subcontractor, to spray clean the exterior portions of a house owned by Craig Weatherup and Connie Weatherup. Rugar agreed to indemnify plaintiff for his work that he performed and to name plaintiff as an additional insured on his insurance policy — coverage which he procured from defendant Utica First Insurance Company. While working, Rugar used a cleaning solution manufactured by defendant Benjamin Moore & Co. that subsequently caused damage to the Weatherups' house. Plaintiff submitted a claim for coverage to Utica First, which it denied. Plaintiff eventually settled with the Weatherups, and $590,749.04 was paid to them. The Weatherups then released plaintiff and its insurer from further liability and assigned to them any rights that they had to bring suit for damages.
Plaintiff thereafter commenced this action alleging, among other things, negligence, contractual indemnification, common-law indemnification and breach of contract causes of action against Rugar and failure to warn and breach of warranty causes of action against Benjamin Moore. Rugar and Benjamin Moore separately answered and asserted contribution and indemnification cross claims against each other. Following discovery, Rugar moved for summary judgment dismissing the amended complaint. One month later, Benjamin Moore moved for summary judgment dismissing the amended complaint and all cross claims asserted against it. Rugar then submitted what it denominated as a cross motion for summary judgment seeking dismissal of the amended complaint "on additional grounds previously asserted by [Benjamin Moore] in its motion." In a June 2019 order, Supreme Court, among other things, denied Rugar's motion. The court also granted Benjamin Moore's motion and dismissed plaintiff's failure to warn and breach of warranty claims. In a July 2019 amended order, the court dismissed the cross claims insofar as asserted against Benjamin Moore. These appeals ensued.[FN1]
Turning first to Benjamin Moore's motion, plaintiff, as a settling tortfeasor, waived its right to contribution from Benjamin Moore (see General Obligations Law § 15-108 [c]). Plaintiff's settlement with the Weatherups likewise relieved plaintiff from liability for contribution to the extent sought by Benjamin Moore (see General Obligations Law § 15-108 [b]). Benjamin Moore, however, would be entitled to a setoff of either the amount of the settlement or [*2]the amount of plaintiff's share of damages, whichever was greater (see General Obligations Law § 15-108 [a]).
Against this backdrop, Benjamin Moore asserts that plaintiff essentially seeks contribution from it and that General Obligations Law § 15-108 bars this claim. We disagree with Benjamin Moore's characterization of the claim. The amended complaint alleges that Benjamin Moore's products did not act as intended and in contravention of its warranties and that Benjamin Moore failed to warn plaintiff about the dangers of its products. Plaintiff, by these claims, does not seek to recover from Benjamin Moore the proportionate share of damages caused by Benjamin Moore's negligence. Plaintiff is standing in the place of the Weatherups as their assignee. Had the Weatherups asserted these claims either on their own behalf or to a different third party, as opposed to assigning the right to do so to plaintiff, General Obligations Law § 15-108 (c) would not operate as a statutory bar. Accordingly, contrary to Benjamin Moore's assertion, plaintiff is not seeking contribution in the amended complaint.
Notwithstanding the foregoing, Supreme Court correctly granted Benjamin Moore's motion. As Benjamin Moore argues, it is entitled to, at the least, a setoff in the amount of $590,749.04 — i.e., what plaintiff paid to the Weatherups (see General Obligations Law § 15-108 [a]). Plaintiff responded to Benjamin Moore's interrogatories and alleged that the damages sought were $590,749.04 per an itemized chart. Plaintiff's owner likewise confirmed in his deposition testimony that he was seeking to recuperate the money that was paid to the Weatherups. In view of the total damages sought by plaintiff, there can be no recovery against Benjamin Moore for the breach of warranty or failure to warn causes of action. In this regard, even if a jury apportioned zero liability to plaintiff on these negligence-based claims, Benjamin Moore would be entitled to a setoff of $590,749.04 (see General Obligations Law § 15-108 [a]). Because the specific damages sought by plaintiff would be completely set off based upon the amount it paid to the Weatherups, plaintiff has no damages. As such, plaintiff's claims asserted against Benjamin Moore were correctly dismissed.
For this reason, the negligence cause of action insofar as asserted against Rugar should have been dismissed. The record discloses that, in response to Rugar's demand for a bill of particulars, plaintiff alleged that it was seeking "reimbursement of the payments made to the [Weatherups] for the damage sustained in the amount of $590,749.04." Plaintiff also relied on the same itemized chart referenced in its response to Benjamin Moore's interrogatories. We note that Rugar did not seek summary judgment on this ground and only asserted it in a later "cross motion" in response to Benjamin Moore's motion.[FN2] Given that this is a legal issue and plaintiff had the opportunity to address it when opposing Benjamin [*3]Moore's motion, it was an improvident exercise of discretion for Supreme Court not to entertain this ground on behalf of Rugar and grant the relief sought by him, especially where, under the circumstances of this case, doing so would be a preferable use of judicial resources (see Miles A. Kletter, D.M.D. & Andrew S. Levine, D.D.S., P.C. v Fleming, 32 AD3d 566, 567 [2006]; Detko v McDonald's Rests. of N.Y., 198 AD2d 208, 209 [1993], lv denied 83 NY2d 752 [1994]).[FN3]
That said, General Obligations Law § 15-108 applies only to contribution and does not impact plaintiff's remaining claims of contractual indemnification, common-law indemnification and breach of contract that were alleged against Rugar (see Bradt v Lustig, 280 AD2d 739, 740 [2001], appeal dismissed 96 NY2d 823 [2001]; Spector v K-Mart Corp., 99 AD2d 605, 605 [1984]). Rugar nonetheless asserts that these causes of action in the amended complaint should have been dismissed under the voluntary payment doctrine. This doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526 [2003]). "An insurer which pays a loss for which it is not liable thereby becomes a mere volunteer, and is not entitled to subrogation, in the absence of an agreement therefor" (National Union Fire Ins. Co. v Ranger Ins. Co., 190 AD2d 395, 397 [1993] [internal quotation marks, brackets and citations omitted]).
As Supreme Court noted, there are no subrogation claims. Plaintiff, as the assignee of the Weatherups, alleged various claims against Rugar. Indeed, although the Weatherups assigned their rights to plaintiff and plaintiff's insurer, this action was brought only by plaintiff. As such, Rugar's reliance on the voluntary payment doctrine is unavailing. In any event, the record reveals a triable issue of fact as to whether the payment made by plaintiff's insurer to the Weatherups was a voluntary payment. Plaintiff, as the general contractor, gave some instruction and direction to Rugar as to how to perform his work and supervised him as well and, therefore, was "in some way lawfully answerable for the claim paid" (Merchants Mut. Ins. Group v Travelers Ins. Co., 24 AD3d 1179, 1180 [2005] [internal quotation marks and citations omitted]). Accordingly, Rugar was not entitled to dismissal of the contractual indemnification, common-law indemnification and breach of contract causes of action.
Finally, Rugar also appealed from the July 2019 amended order. To the extent that Rugar opposed that part of Benjamin Moore's motion seeking dismissal of the cross claims, Rugar abandoned any issue with respect thereto by failing to raise any argument in his brief (see NY Professional Drywall of OC, Inc. v Rivergate Dev., LLC, 168 AD3d 1251, 1253 n [2019]).
Garry, P.J., Egan Jr., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, [*4]on the law, without costs, by reversing so much thereof as denied that part of defendant John Rugar's motion for summary judgment seeking dismissal of the negligence cause of action; motion granted to said extent; and, as so modified, affirmed.
ORDERED that the amended order is affirmed, without costs.
ORDERED that the appeal by defendant Utica First Insurance Company is dismissed, without costs.



Footnotes

Footnote 1: Utica First did not make a formal motion (see CPLR 2211) and submitted only an attorney affirmation in support of Rugar's motion. In view of this, Utica First's appeal must be dismissed (see New York State Div. of Human Rights v Oceanside Cove II Apt. Corp., 39 AD3d 608, 608 [2007]).

Footnote 2: Rugar did not make a true cross motion given that it did not demand relief from Benjamin Moore (see CPLR 2215). Rather, Rugar was essentially adopting an argument advanced by Benjamin Moore and seeking to have it apply to his previously made motion.

Footnote 3: Based on this determination, Rugar's argument that the negligence cause of action insofar as asserted against him should have been dismissed under the economic loss doctrine is academic.