Matter of County of Broome (Cadore) (2023 NY Slip Op 00254)

Matter of County of Broome (Cadore)

2023 NY Slip Op 00254

Decided on January 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 19, 2023

534046
[*1]In the Matter of the Foreclosure of Tax Liens by County of Broome. County of Broome, Respondent; John Cadore et al., Appellants.

Calendar Date:November 14, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

John Cadore and Sarah Cadore, Binghamton, appellants pro se.
Robert G. Behnke, County Attorney, Binghamton, for respondent.

Clark, J.
Appeal from an order of the County Court of Broome County (Kevin F. Dooley, J.), entered July 21, 2021, which, in a proceeding pursuant to RPTL article 11, among other things, denied respondents' motion to compel petitioner to accept late payment of delinquent taxes.
Respondents are the owners of five parcels of real property located in the City of Binghamton, Broome County. In March 2021, petitioner filed a list of delinquent taxes pursuant to RPTL 1122 and issued a tax enforcement notification for the 2019 tax year for each of the subject properties. Respondents were advised that a proceeding to foreclose on the subject properties had commenced in County Court and that they had until June 25, 2021 to pay the full amount of the outstanding 2019 tax liens, including all interest and penalties. Shortly before the redemption deadline for the 2019 tax liens, respondents tendered three checks to redeem the tax liens for three of the five subject properties. However, because the checks included sums aimed at redeeming those properties' outstanding 2017 and 2018 tax liens, and because the redemption periods for those years' tax liens had long passed, petitioner rejected the checks.[FN1]
In June 2021, respondents filed answers to the tax enforcement notifications alleging that they had tendered payments on the tax liens but petitioner had refused to accept them. Respondents also filed a motion to compel petitioner to accept the payments and to enter into an installment agreement for the remaining delinquent taxes. Although the order on appeal reflects that petitioner filed an opposition to such motion, the record on appeal does not include such response. County Court, finding that it lacked the authority to order petitioner to accept the late payments, denied respondents' motion. Respondents appeal.[FN2]
Initially, this appeal has not been rendered moot by the December 2021 order — which order stems from the RPTL article 11 proceeding regarding the 2017 tax liens — which conveyed the subject properties to petitioner, as we have no indication that there has been a sale of such properties (compare Govel v Trustco Bank, 182 AD3d 838, 839 [3d Dept 2020]; Lehman Commercial Paper, Inc. v Point Prop. Co., LLC, 146 AD3d 1192, 1193 [3d Dept 2017]; Matter of Pray v Clinton County, 101 AD3d 1567, 1568 [3d Dept 2012]; Matter of County of Albany [Rossi], 94 AD3d 1164, 1165 [3d Dept 2012]). However, the appeal must be dismissed because, as petitioner notes, respondents failed to assemble a proper record on appeal. Notably, after petitioner raised such issue in its brief, respondents moved to supplement the record, which motion was denied without prejudice to respondents moving, pursuant to Rules of App Div, 3d Dept [22 NYCRR] § 850.7, in County Court to settle the record (see CPLR 5526; Rules of App Div, All Depts [22 NYCRR] § 1250.7 [b]).[FN3] Although the record on appeal includes the order on appeal and respondents' motion papers, respondents failed to include petitioner's [*2]response or any of the supporting documents. Respondents' failure to include such crucial documents has left the record fatally deficient and we are "unable to render an informed decision on the merits" (Bouchey v Claxton-Hepburn Med. Ctr., 117 AD3d 1216, 1216 [3d Dept 2014]).[FN4] In addition, we have previously excused respondents' failure to submit a complete record on a prior appeal (Matter of County of Broome [Cadore], 192 AD3d 1226 [3d Dept 2021], lv denied 37 NY3d 977 [2021]; Matter of County of Broome [Cadore], 2020 NY Slip Op 73935[U] [3d Dept 2020]).
Respondents' arguments pertaining to a prior appeal (192 AD3d 1226) or to an appeal that has not yet been perfected (Appeal No. 534751) are not properly before this Court and have not been considered.
Garry, P.J., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: The period to redeem the 2017 tax liens expired on December 2, 2019, and the period to redeem the 2018 tax liens expired on September 28, 2020. According to the order on appeal, the five subject properties are also the subject of separate RPTL article 11 proceedings regarding the 2017 and 2018 tax liens.

Footnote 2: Because respondents failed to present any argument regarding County Court's denial of that part of their motion seeking to compel petitioner to enter into an installment plan, any such challenge was abandoned (see Shea v Signal Hill Rd. LLC, 206 AD3d 1541, 1544 n 3 [3d Dept 2022]; Cascade Bldrs. Corp. v Rugar, 193 AD3d 1283, 1287 [3d Dept 2021]). In any event, inasmuch as respondents are the "owner[s] of property on which there existed a delinquent tax lien and which lien was foreclosed within three years," they are ineligible to enter into such an agreement (RPTL 1184 [4] [c]; see Matter of County of Broome [Cadore], 192 AD3d 1226, 1227 [3d Dept 2021], lv denied 37 NY3d 977 [2021]).

Footnote 3: We have no indication that respondents made such a motion.

Footnote 4: We note that although respondents proceed pro se, respondent John Cadore is an attorney.